BORG-WARNER ACCEPTANCE CORPORATION v. EDWARD J. DAVID

No. 7612SC665

(Filed 16 March 1977)

**Landlord and Tenant § 5— lease of personal property**

An agreement in which plaintiff agreed to lease to a corporation equipment, appliances and furniture for use in its apartment building was a true lease, not a security agreement subject to the filing requirements of the Uniform Commercial Code, where the instrument on its face is designated a lease in which plaintiff is named as lessor

and the corporation is named as a lessee; it is for a fixed term of 60 months and specifies the monthly rental payments; the instrument provides that title to the equipment remains in the lessor, that the equipment remains personal property even though attached to realty, that the lessee agrees to keep the property in good repair at its expense, that repairs or accessories become a component part of the equipment and immediately vest in the lessor, and that the lessee shall ship the leased equipment to the lessor on expiration of the rental period; and the instrument gives the lessee no right to renew the lease, to extend its term, or to purchase the leased property. Therefore, the plaintiff, not the defendant who purchased the apartment building from the corporation, is the owner of the items covered by the lease.

APPEAL by defendant from *McKinnon, Judge.* Judgment entered 22 March 1976 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 19 January 1977.

Civil action to recover possession of personal property. Plaintiff alleged it leased the property to J. L. Key Properties, Inc., (Key, Inc.) for a term of five years by lease dated 10 November 1972; that Key, Inc., purported to transfer the property to defendant in January 1973 but continued to make monthly lease payments through December 1973; that in February 1974 defendant notified plaintiff that he considered himself to be the owner of the leased property; and that defendant refused to pay the lease payments or to surrender possession of the leased property. A copy of the lease dated 10 November 1972 was attached as an exhibit to the complaint.

Defendant filed answer in which he alleged that the lease was not a true lease but was a security agreement subject to the filing requirements of the Uniform Commercial Code.

The case was tried without a jury. Only plaintiff presented evidence. The court entered judgment making findings of fact which, insofar as pertinent to this appeal, show the following:

In 1972 Key, Inc., owned an apartment building in Fayetteville. In order to acquire equipment, appliances, and furniture for use in its building, Key, Inc., arranged with plaintiff for plaintiff to purchase specified items of equipment, appliances, and furniture, and then to lease these to Key, Inc. On 10 November 1972 the commercial lease involved herein was executed. This instrument described all of the property covered by three prior leases plus additional new property. Without knowledge of these leasing agreements, defendant purchased the apartment

building and the contents from Key, Inc., on 28 December 1972. Key, Inc., continued to make the monthly payments due to plaintiff under the 10 November 1972 agreement until 11 January 1974, after which no further payments were made. Plaintiff then for the first time learned that defendant had acquired the apartment building premises. Plaintiff demanded payment in accordance with the terms of the lease agreement, but defendant refused to make payment or to surrender the property. The court found that the fair market value of the property in defendant's possession which was covered by the lease agreement was $14,148.61.

On these findings of fact, the court concluded as a matter of law "[t]hat Plaintiff is and was throughout the lease period the owner of the items of personal property covered by the agreements between plaintiff and Key, Inc., and that said agreements between Plaintiff and Key, Inc. are valid leases of personal property and not security agreements." The court adjudged that plaintiff recover possession of the personal property in defendant's possession with 6% interest on its fair market value from 11 January 1974. From this judgment, defendant appeals.

*Tally & Tally by John C. Tally for plaintiff appellee.*

*Downing, David, Vallery & Maxwell by Edward J. David for defendant appellant.*

PARKER, Judge.

The determinative question is whether the trial court was correct in its conclusion that the 10 November 1972 agreement was a lease rather than a security agreement. We hold that it was.

The instrument on its face is designated a lease in which plaintiff is named as lessor and Key, Inc., is named as lessee. It is for a fixed term of 60 months and specifies the amount of the monthly rental payments to be made by the lessee to the lessor. In addition, the instrument contains the following provisions: no title or right in the equipment passes to lessee except the rights expressly granted; the equipment "shall always remain and be deemed personal property even though attached to realty"; the lessee agrees to keep the leased property "in first class condition and repair" at lessee's expense, and all "repairs

or accessories made to or placed in or upon said equipment shall become a component part thereof and title thereto shall be immediately vested in Lessor and shall be included under the terms" of the lease; on expiration of the rental period or other termination of the lease the leased equipment is to be shipped to lessor at lessee's expense. More importantly, nowhere in the instrument is the lessee given any right to renew the lease, to extend its term, or to purchase the leased property. Such an arrangement is a valid lease and not a security agreement. *In re Wright Homes, Inc.*, 279 F. Supp. 598 (M.D. N.C. 1968); *see Leasing Corp. v. Hall*, 264 N.C. 110, 141 S.E. 2d 30 (1965).

In his brief defendant contends that even if the instrument be considered a lease rather than a security agreement, he is entitled to prevail since the leased property was so attached to the realty that he was entitled to assume it was part thereof when he purchased the apartment building. We do not pass on this contention, since it is not raised by the record. No evidence was presented to show the manner, if any, in which the leased property was attached to the realty, and the trial court properly made no findings in this regard. Defendant neither requested any such findings nor did he take exception to any of the findings of fact which were made. Indeed, the only exception in the entire record is the one directed to the signing and entry of the judgment. This presents for appellate review only the question whether the judgment is supported by the findings of fact and the conclusions of law which were made. Rule 10(a), Rules of Appellate Procedure; *Sternberger v. Tannenbaum*, 273 N.C. 658, 161 S.E. 2d 116 (1968). We hold that it was.

Affirmed.

Judges MARTIN and ARNOLD concur.