JOANNE D. ALPISER, PLAINTIFF v. EAGLE PONTIAC-GMC-ISUZU, INC., GENERAL MOTORS CORPORATION AND GENERAL MOTORS ACCEPT-ANCE CORPORATION, DEFENDANTS

No. 8910SC185

(Filed 20 March 1990)

1. **Landlord and Tenant § 5 (NCI3d); Uniform Commercial Code § 6 (NCI3d)— contract for lease of vehicle with option to purchase—no sale—UCC warranties inapplicable**

    A contract for the lease of a vehicle with an option to purchase at the end of the term of the lease for fair market value was not the functional equivalent of a purchase agreement, and the contract therefore did not fall within the scope of Article 2 of the UCC, thereby making its warranty provisions applicable.

    **Am Jur 2d, Sales §§ 37, 697.**

2. **Landlord and Tenant § 5 (NCI3d); Sales § 5 (NCI3d)— lease of vehicle—Magnuson-Moss Warranty Act inapplicable**

    The Magnuson-Moss Warranty Act, 15 U.S.C.A. § 2301 *et seq.*, did not apply to plaintiff's lease of a vehicle.

    **Am Jur 2d, Bailment § 161; Consumer Product Warranty Acts § 51.**

3. **Contracts § 6 (NCI3d)— lease of vehicle—rights in warranties assigned to plaintiff—contract not unconscionable**

    Plaintiff's lease of a vehicle from GMAC was not unconscionable because in it GMAC assigned its rights in the manufacturer's warranties to plaintiff and disclaimed all other warranties concerning the condition of the vehicle, since plaintiff was not under any compulsion to lease the vehicle and could have acquired it outright through conventional financing; plaintiff acquired all the lessor/owner's rights under the manufacturer's warranty; the lease was quite explicit as to the lack

ALPISER v. EAGLE PONTIAC-GMC-ISUZU

[97 N.C. App. 610 (1990)]

of any warranty by lessor; and plaintiff had some recourse against the manufacturer for the loss she incurred by making lease payments while having an inoperable vehicle.

**Am Jur 2d, Bailment § 161; Consumer Product Warranty Acts § 51.**

APPEAL by plaintiff from judgment entered 6 July 1988 by *Judge B. Craig Ellis* in WAKE County Superior Court. Heard in the Court of Appeals 10 October 1989.

Plaintiff Joanne Alpiser, the lessee of a new Pontiac Trans Am automobile, appeals the granting of summary judgment in favor of defendant-lessor General Motors Acceptance Corporation ("GMAC"). Shortly after plaintiff leased the vehicle, it developed mechanical problems which could not be repaired and the vehicle became inoperable. After an unsuccessful attempt to enter into a dispute resolution process, plaintiff gave notice to defendant GMAC, defendant General Motors Corporation ("GMC"), the manufacturer, and defendant Eagle Pontiac-GMC-Isuzu ("Eagle"), the GM dealership where the vehicle was leased, of her intention to revoke her acceptance of the vehicle and desire to void the lease. Plaintiff's complaint alleges that the three defendants violated provisions of the North Carolina Uniform Commercial Code ("UCC"), the Federal Magnuson-Moss Act, and the North Carolina New Motor Vehicles Warranties Act. From defendant GMAC, plaintiff sought $7500 compensatory damages and that the lease be terminated without her incurring further liability.

On plaintiff's motion, the trial court amended its summary judgment order of 6 July 1988 in favor of defendant GMAC to state that the order constituted a "final judgment . . . and that there is no just reason for delay with respect to those claims." From the amended order granting summary judgment in favor of defendant GMAC, plaintiff appealed in apt time.

*Hensley, Huggard, Seigle, Obiol and Bousman, by John A. Obiol, for plaintiff-appellant.*

*Ragsdale, Kirschbaum, Nanney & Sokol, P.A., by David P. Nanney, Jr., for defendant-appellee.*

JOHNSON, Judge.

Before reaching the questions raised by plaintiff, we note that defendant GMAC urges that this appeal should be dismissed because plaintiff has "fail[ed] to respond or otherwise set forth specific facts" showing a genuine issue as to whether any claim exists with respect to defendant GMAC as required by G.S. sec. 1A-1, Rule 56(e). We disagree. Plaintiff's verified complaint may serve as an "affidavit" for purposes of answering GMAC's verified motion for summary judgment. *Whitehurst v. Corey*, 88 N.C. App. 746, 748, 364 S.E.2d 728, 729-30 (1988) (and cases cited therein). GMAC did not object in trial court that plaintiff's verified complaint was insufficient to respond to its motion. Failure to make a timely objection to the form of affidavits submitted in response to a summary judgment motion constitutes a waiver of such objections. *Id.; see Bank v. Harwell*, 38 N.C. App. 190, 247 S.E.2d 720 (1978), *disc. rev. denied*, 296 N.C. 410, 267 S.E.2d 656 (1979). Defendant's argument is therefore overruled.

In its verified motion for summary judgment, defendant GMAC argued that any claims plaintiff has are against defendants GM and Eagle. The granting of a motion for summary judgment will be upheld on appeal only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), N.C. Rules of Civ. Proc.; *Gore v. Hill*, 52 N.C. App. 620, 279 S.E.2d 102, *disc. rev. denied*, 303 N.C. 710 (1981).

[1]    The first issue raised by plaintiff is whether the contract at issue falls within the scope of Article 2 of the Uniform Commercial Code ("UCC"), thereby making its warranty provisions applicable. Article 2 is intended to regulate the sale of goods. G.S. sec. 25-2-102. Plaintiff contends that although her contract with GMAC is denominated a "lease agreement," that the transaction is sufficiently analogous to a sale of goods that it should be considered the functional equivalent of a sale. We disagree.

This Court addressed the question of whether an agreement was a true lease or a security agreement subject to the filing requirements of Article 9 of the UCC in *Acceptance Corp. v. David*, 32 N.C. App. 559, 232 S.E.2d 867, *disc. rev. denied*, 292 N.C. 640, 235 S.E.2d 61 (1977). More recently, we examined the issue of whether a lease of a computer system was in fact a purchase agreement making Article 2 of the Texas UCC applicable. *Tolaram Fibers, Inc. v. Tandy Corp.*, 92 N.C. App. 713, 375 S.E.2d 673,

ALPISER v. EAGLE PONTIAC-GMC-ISUZU

[97 N.C. App. 610 (1990)].

*disc. rev. denied,* 324 N.C. 436, 379 S.E.2d 249 (1989). In both cases we held that the agreements were true leases and not purchase agreements falling within the scope of Articles 9 or 2 respectively.

In determining whether the agreement in the instant case is the functional equivalent of a purchase agreement, we are guided by the reasoning and factors considered by the Court in both *Acceptance Corp.* and *Tolaram Fibers, Inc.* Similar to the instrument in *Acceptance Corp.*, the writing at issue in this case is designated a lease on its face and is for a fixed term (48 months). As to ownership of the vehicle, the agreement states, "[t]his is a lease only and Lessor [GMAC] remains the owner of the vehicle. You [Lessee] will not transfer, sublease, rent, or do anything to interfere with Lessor's ownership of the vehicle." Also, the lease does not give plaintiff the right to extend or renew the term of the lease.

The agreement in this case, however, has a feature not found in the leases in *Acceptance Corp.* and *Tolaram.* It is that the lessee has the option to purchase the leased vehicle at the termination of the lease for fair market value. Plaintiff contends that a lease with a purchase option should be viewed as a contract for the future sale of goods which is expressly included in Article 2 in G.S. sec. 25-2-106(1). We do not think the purchase option in the instant case has that effect.

The question of whether a purchase option is necessarily indicative of a conditional sale has not previously been addressed in this State. Defendant refers us to a decision of the Georgia Court of Appeals, *Woods v. General Electric Credit Auto Lease, Inc.,* 187 Ga. App. 57, 369 S.E.2d 334 (1988), which we find persuasive. In holding that an automobile lease agreement was a true lease and not a disguised security transaction under the purview of Article 9, the Georgia Court in *Woods* stated that a purchase option "does not per se make the Agreement a lease intended for security or give rise to a conditional sales agreement." *Id.* at 59, 369 S.E.2d at 336. It also found that the "best test" to determine the agreement's purpose and the parties' intent is "a comparison of the option price with the market value of the equipment at the time the option is to be exercised." *Id., quoting Mejia v. C. & S. Bank,* 175 Ga. App. 80, 82, 332 S.E.2d 170, 172 (1985). "If the lessees can acquire the property under the purchase option for little or no additional consideration in relation to its true value, the lease would be one intended for security." *Woods, supra.*

In the instant case, paragraph ten of the lease states that the lessor has the option to purchase the leased vehicle at fair market value at the termination of the lease, and that fair market value "will be the average of the retail and wholesale values stated in a then current vehicle guidebook selected by Lessor." This purchase option indicates to us that the parties intended to engage in a true lease, not a future sale since the option price is the vehicle's fair market value.

The lease does require lessee to pay for all maintenance and repair, and for titling, registration, taxes and inspection during the lease. However, viewing the agreement as a whole, we find that these factors are not determinative and the contract is, in fact, a true lease making Article 2 inapplicable. See id.

[2] Next, plaintiff contends that even if the agreement at issue is held to be a true lease, as we have so held, that the provisions of the Magnuson-Moss Warranty Act, 15 U.S.C.A. sec. 2301 et seq. ("the Act"), should apply to a lease transaction. We disagree. Plaintiff is correct in noting that for purposes of the Act the terms "consumer," and "supplier" are broadly defined. Plaintiff refers us to no cases in which the Act has been applied to true lease situations and we are not aware of any. See Sellers v. Frank Griffin AMC Jeep, Inc., 526 So.2d 147 (Fla. App. 1 Dist. 1988), and Barco Auto Leasing Corp. v. PSI Cosmetics, Inc., 478 N.Y.S.2d 505, 125 Misc. 2d 68 (1984). Our understanding of the Act is in accord with the approach taken by the Florida First District Court of Appeals in Sellers v. Griffin when it stated that "[the Magnuson-Moss Act] speaks in terms of an initial sale to a buyer in which warranties are made by the seller, and as such, it does not apply to a pure lease of automobiles or other consumer goods unless the lease bears a significant relationship to an actual purchase and sale." Sellers, supra, at 156. Since plaintiff engaged in a true lease rather than some type of purchase agreement, we find the provisions of Magnuson-Moss inapplicable.

[3] Last, we address plaintiff's contention that her lease with GMAC is unconscionable because in it GMAC assigns its rights in the manufacturer's warranties to plaintiff and disclaims all other warranties concerning the condition of the vehicle. Therefore, plaintiff must address its complaints about the automobile to a party other than the lessor.

ALPISER v. EAGLE PONTIAC-GMC-ISUZU

[97 N.C. App. 610 (1990)]

A court will generally refuse to enforce a contract on the ground of unconscionability only when the inequality of the bargain is so manifest as to shock the judgment of a person of common sense, and where the terms are so oppressive that no reasonable person would make them on the one hand, and no honest and fair person would accept them on the other. *Hume v. United States*, 132 U.S. 406, 10 S.Ct. 134, 33 L.Ed. 393 (1889); *Christian v. Christian*, 42 N.Y.2d 63, 365 N.E.2d 849, 396 N.Y.S.2d 817 (1977). In determining whether a contract is unconscionable, a court must consider all the facts and circumstances of a particular case. If the provisions are then viewed as so one-sided that the contracting party is denied any opportunity for a meaningful choice, the contract should be found unconscionable. [Citations omitted.]

*Brenner v. School House, Ltd.*, 302 N.C. 207, 213, 274 S.E.2d 206, 210 (1981).

We do not think the lease in question is unenforceable for unconscionability. Presumably, plaintiff was not under any compulsion to lease the vehicle and could have acquired it outright through conventional financing. Also, we do not think the lessor's assigning its warranty rights from the manufacturer to lessee and disclaiming all others creates an unconscionable result for lessee. She is not without a remedy for the defects in her vehicle since she acquired all the lessor/owner's rights under the manufacturer's warranty. Further, the lease is quite explicit as to the lack of any warranty by lessor. We also presume that lessee has some recourse against the manufacturer for the loss she has incurred by making lease payments while having an inoperable vehicle.

For all the foregoing reasons the decision of the trial court granting summary judgment to defendant GMAC is

Affirmed.

Judges WELLS and ORR concur.