BEAU RIVAGE PLANTATION, INC., PLAINTIFF v. MELEX USA, INC., DEFENDANT AND THIRD-PARTY PLAINTIFF v. EDDIE LEWIS, THIRD-PARTY DEFENDANT

No. 925SC996

(Filed 2 November 1993)

1. **Uniform Commercial Code § 12 (NCI3d) — transaction as lease and not sales agreement — Uniform Commercial Code Art. 2 inapplicable**

The agreement between the parties was a true lease of golf carts and not a disguised security agreement for the sale of goods, thus making implied warranty of fitness provisions of Article 2 of the Uniform Commercial Code inapplicable, where the agreement was designated a lease on its face and was for a fixed term of 48 months; the agreement provided the lessee with the option to purchase the golf carts at the end of the lease for their fair market value or 10% of the original sale price, whichever was less; and the purchase option was intended to approximate the depreciated fair market value of the golf carts. N.C.G.S. § 25-2-315.

**Am Jur 2d, Sales § 37.**

**What constitutes a transaction, a contract for sale, or a sale within the scope of UCC Article 2. 4 ALR4th 85.**

2. **Sales § 81 (NCI4th) — lease of golf carts — integrated agreement — performance of warranties**

The trial court properly determined that the agreement between the parties for the lease of golf carts contained, by

integration, the "Golf Car Proposal" and the "Equipment Lease Agreement," and there was no genuine issue of material fact regarding defendant's performance of its warranty obligations where the forecast of evidence showed that defendant made periodic visits to repair the carts when informed by defendant of problems with the carts, and that the Equipment Lease Agreement disclaimed all warranties, including any warranties of merchantability and fitness.

**Am Jur 2d, Sales § 840.**

3. **Appeal and Error § 178 (NCI4th)— summary judgment— notice of appeal—subsequent order awarding prejudgment interest, late fees, and attorney's fees**

The trial court did not lack jurisdiction to hear motions for pre-judgment interest, late charges, and attorney's fees because plaintiff filed notice of appeal after the trial court granted defendant's motion for summary judgment on its counterclaim on 27 July and before the trial court awarded defendant pre-judgment interest, late charges, and attorney's fees on 27 August, since the trial court's order of 27 July was interlocutory and not subject to immediate appeal. Plaintiff's appeal from the 27 July order is treated as an exception to the granting of summary judgment which preserved plaintiff's right to appeal once the final order was entered, and plaintiff therefore could not oust the trial court's jurisdiction to settle and determine the entire controversy by filing its notice of appeal to the 27 July order.

**Am Jur 2d, Appeal and Error § 352 et seq.**

4. **Costs § 34 (NCI4th)— attorney's fees—sufficiency of notice for recovery**

Plaintiff lessee was given sufficient notice required by N.C.G.S. § 6-21.2(5) to entitle defendant lessor to recover attorney's fees where the lessor's notice of default, sent to the lessee by certified mail, stated the lessor's intention to exercise its paragraph 19 remedies under the lease, and paragraph 19 provides for the recovery of attorney's fees.

**Am Jur 2d, Costs §§ 72-86.**

**5. Usury § 1.1 (NCI3d)— late charges recoverable under lease — usury statutes inapplicable**

Plaintiff could not prevail on its argument that late charges recoverable under the provisions of the parties' "Equipment Lease Agreement" were usurious interest prohibited by N.C.G.S. § 24-10.1, since the parties' transaction involved a lease, not a loan, and the provisions of Chapter 24 were therefore inapplicable.

**Am Jur 2d, Interest and Usury §§ 112, 115.**

**Application of usury laws to transactions characterized as "leases". 94 ALR3d 640.**

Appeal by plaintiff and third-party defendant from an order granting defendant's motion for summary judgment entered 27 July 1992 in New Hanover County Superior Court by Judge James D. Llewellyn. Plaintiff and third-party defendant also appeal from an order granting defendant's motion for late fees, pre-judgment interest, and attorney's fees entered 27 August 1992 in New Hanover County Superior Court by Judge G.K. Butterfield, Jr. Heard in the Court of Appeals 16 September 1993.

In August 1988, plaintiff and defendant signed a "Golf Car Proposal" which provided that defendant would lease to plaintiff 60 golf carts with battery chargers for 48 months. The "Golf Car Proposal" contained a two-year warranty on parts excluding batteries, chargers, tires, and tops, and a three-year warranty on motors and drivetrains. Plaintiff elected not to purchase a maintenance contract which would have provided bumper-to-bumper service and repair for all the golf carts. Before defendant delivered the golf carts, defendant mailed its standard lease agreement to plaintiff. The agreement disclaimed all warranties and provided that, in case of default by the lessee, the defendant could recover interest on the unpaid balance, legal fees, and late charges. The owner and manager of Beau Rivage, the third-party defendant, signed the agreement without reading it.

In November 1988, plaintiff began experiencing problems with the golf carts. The carts would not complete eighteen holes, and battery recharging required twice as long as anticipated. Defendant attempted to remedy the problems and made several visits to the golf course to make repairs. Despite these efforts, the problems

BEAU RIVAGE PLANTATION v. MELEX USA

[112 N.C. App. 446 (1993)]

continued. Plaintiff entered into a lease with another company and notified defendant on 19 February 1991 of its intent to terminate the agreement.

On 1 April 1991, plaintiff commenced this suit alleging breach of express and implied warranties. Defendant counterclaimed for the remaining lease payments, interest, late charges, and attorney's fees. Following a hearing, on 27 July 1992, Judge Llewellyn entered summary judgment for defendant, dismissing plaintiff's claim and allowing recovery by defendant on its counterclaim and reserving for later determination defendant's claim for pre-judgment interest, late fees, and attorney's fees. On 27 August 1992, Judge Butterfield entered his order awarding recovery of those damages to defendant. Plaintiff and third-party defendant have appealed from both orders.

*Marshall, Williams & Gorham, by Lonnie B. Williams, for plaintiff and third-party defendant-appellants.*

*Armstrong & Armstrong, P.A., by L. Lamar Armstrong, Jr., for defendant and third-party plaintiff-appellees.*

WELLS, Judge.

When a motion for summary judgment is granted, the questions for determination on appeal are whether, on the basis of the materials presented to the trial court, there is a genuine issue as to any material fact and whether the movant is entitled to judgment as a matter of law. *Smith v. Smith*, 65 N.C. App. 139, 308 S.E.2d 504 (1983).

[1] Plaintiff brings forth nine assignments of error. In the first assignment of error, plaintiff contends that the trial court erred in granting defendant's motion for summary judgment because there existed genuine issues of material fact regarding the nature of the agreement between the parties. We disagree.

Plaintiff argues that the agreement, although denominated an "Equipment Lease Agreement," is in reality a contract for the sale of goods because the agreement provided plaintiff with an option to purchase the golf carts for their fair market value or 10 percent of the original sales price, thereby making applicable the implied warranty of fitness for a particular purpose contained in Article 2 of the Uniform Commercial Code. The implied warranty of fitness for a particular purpose provides:

> Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified . . . an implied warranty that the goods shall be fit for such purpose.

N.C. Gen. Stat. § 25-2-315.

The presence of a purchase option does not *per se* make the agreement a contract for the sale of goods. *Alpiser v. Eagle Pontiac-GMC-Isuzu*, 97 N.C. App. 610, 389 S.E.2d 293 (1990). "The 'best test' to determine the agreement's purpose and the parties' intent is a 'comparison of the option price with the market value of the equipment at the time the option is exercised.'" *Id.* If the lessee can acquire the property under the option for little or no additional consideration, then the lease would be a disguised security agreement for the sale of goods. *Id.*

In the instant case, the agreement between the parties is designated a lease on its face and is for a fixed term of 48 months. The agreement provides the lessee with the option to purchase the golf carts for their fair market value or 10 percent of the original sales price, whichever is less. This purchase option indicates that the parties intended to engage in a true lease, not a disguised sale because the option price is the equipment's fair market value. *Id.* Furthermore, the forecast of the evidence discloses that the purchase option, calculated as 10 percent of the original sales price, was intended to approximate the depreciated fair market value of the golf carts. The agreement is therefore a true lease, making Article 2 of the Uniform Commercial Code inapplicable.

[2] Plaintiff also argues that the trial court erred in granting defendant's motion for summary judgment because the terms of the lease are ambiguous and there are genuine issues of material fact regarding defendant's performance of its warranty obligations. We disagree.

In August 1988, plaintiff and defendant signed a "Golf Car Proposal" which included the terms previously described. The "Equipment Lease Agreement," signed by the parties prior to delivery of the golf carts, disclaimed all warranties. The "Equipment Lease Agreement" stated: "Lessor makes no warranty with respect to the equipment, express or implied, and lessor specifically dis-

claims any warranty of merchantability and of fitness for a particular purpose." The "Equipment Lease Agreement" also provided: "For other terms & conditions of this lease, see attached Golf Car Proposal."

The primary purpose of a court called upon to interpret a contract is to ascertain the intention of the parties, and the intention of the parties is a question of law. *Lane v. Scarborough*, 284 N.C. 407, 200 S.E.2d 622 (1973). When a second contract involves the same subject matter as the first contract, and no rescission has occurred, the contracts must be construed together. *In re Foreclosure of Fortescue*, 75 N.C. App. 127, 330 S.E.2d 219 (1985).

When the "Equipment Lease Agreement" and the "Golf Car Proposal" are read together, the terms of the agreement are not ambiguous, and the trial court properly determined that the agreement between the parties contained, by integration, the "Equipment Lease Agreement" and the "Golf Car Proposal."

The forecast of the evidence reflects that when plaintiff informed defendant of problems with the golf carts, defendant made periodic visits to make repairs on the carts. The forecast of the evidence supports the trial court's finding that there were no genuine issues of material fact regarding defendant's performance of its warranty obligations. Accordingly, we find no merit in plaintiff's first argument.

[3]  In assignments of error numbers 4, 5, and 8, plaintiff argues that the trial court lacked jurisdiction to hear motions for prejudgment interest, late charges, and attorney's fees because plaintiff filed notice of appeal after the trial court granted defendant's motion for summary judgment and before the trial court awarded defendant pre-judgment interest, late charges, and attorney's fees.

The trial court's order, entered 27 July 1992, granting defendant's motion for summary judgment ordered that:

2) Melex be, and hereby is, granted summary judgment against Beau Rivage on Melex's counterclaim in the principal amount of $74,793.00, plus late fees and prejudgment interest as provided by the lease;

. . .

4) Melex be, and hereby is, awarded reasonable attorney's fees pursuant to G.S. 6-21.2 and the Lease Agreement. However,

the Court reserves ruling on the amount of such fees until supporting affidavits are filed and a further hearing is conducted;

On 31 July 1992, defendant filed its motion for taxation of attorney's fees, costs, pre-judgment interest and other relief. On 12 August 1992, plaintiff filed its notice of appeal to this Court. On 27 August 1992, the trial court ordered plaintiff to pay defendant late fees, pre-judgment interest, and attorney's fees.

In support of its position, plaintiff cites and relies upon N.C. Gen. Stat. § 1-294 and the opinion of our Supreme Court in *Lowder v. Mills, Inc.*, 301 N.C. 561, 273 S.E.2d 247 (1981). Section 1-294 provides in pertinent part:

When an appeal is perfected as provided by this Article it stays all further proceedings in the court below upon the judgment appealed from, or upon the matter embraced therein; but the court below may proceed upon any other matter included in the action and not affected by the judgment appealed from.

While a literal reading of § 1-294, considered alone, would appear to support plaintiff's position, it is obvious that the threshold and dispositive question is whether the trial court's order of 27 July had the requisite finality to make it subject to immediate appeal. We are of the opinion that it did not.

We find guidance from our Supreme Court's opinion in *Industries, Inc. v. Insurance Co.*, 296 N.C. 486, 251 S.E.2d 443 (1979). In *Industries, Inc.*, the appellant attempted to appeal a trial court judgment which determined the issue of liability but left for further determination "the amount of damages suffered by plaintiff by reason of reasonable attorneys' fees, costs, expenses, and judgment and settlement amounts incurred and paid by plaintiff as a result of [plaintiff's] claims for damages." The Court discussed at length the provisions and implications of Rule 54(a) of the Rules of Civil Procedure and prior case law bearing on the finality of judgments in the context of their appealability and held that the judgment in that case was interlocutory and not appropriate for immediate appeal. The analogy between the case now before us and the case considered in *Industries, Inc.* is striking. We conclude that *Industries, Inc.* controls our disposition and hold that the trial court's order of 27 July was interlocutory and not subject to immediate appeal. Although the Court in *Industries, Inc.* dismissed the appeal as

interlocutory, this case is different because plaintiff appeals from the whole judgment whereas in *Industries, Inc.* defendant appealed from partial summary judgment. We treat plaintiff's appeal from the trial court's order of 27 July as an exception to the granting of summary judgment which preserved plaintiff's right to appeal once the final order was entered. It follows, therefore, that plaintiff could not oust the trial court's jurisdiction to "settle and determine the entire controversy" by filing its notice of appeal to the 27 July order. *Id.* (*quoting Veazey v. Durham*, 231 N.C. 357, 57 S.E.2d 377, *reh'g denied*, 232 N.C. 744, 59 S.E.2d 429 (1950)). Accordingly, we overrule these assignments of error.

[4] In assignment of error number 10, plaintiff argues that because defendant failed to provide the notice required by N.C. Gen. Stat. § 6-21.2(5), defendant is not entitled to recover attorney's fees.

In order to recover attorney's fees pursuant to N.C. Gen. Stat. § 6-21.2(5), defendant was required to give plaintiff notice that it had five days to pay the outstanding balance owed without the attorney's fees and that if plaintiff paid the outstanding balance in full before the expiration of such time, then the obligation to pay the attorney's fees would be terminated.

The forecast of the evidence reflects that defendant did notify plaintiff by certified mail on 21 March 1991 of defendant's default of the lease agreement. The certified letter provided, in pertinent part:

> This is a final notice. Unless you comply with the Equipment Lease Agreement No. 527, its all [sic] terms and conditions, and specifically, by effectuating the past due payment of .$4,320.00 and providing full and adequate storage and technical maintenance of the equipment within seven (7) days from the date of Notice of Default, we shall exercise our rights pursuant to paragraph 19 "Remedies" of the Lease . . . .

Paragraph 19 of the "Equipment Lease Agreement" provided that defendant, in the event of default, was entitled to recover pre-judgment interest and attorney's fees. Clearly, this letter provided plaintiff with the notice required under N.C. Gen. Stat. § 6-21.2(5).

[5] In assignments of error 6 and 7, plaintiff argues that the late charges recoverable under the provisions of the "Equipment Lease Agreement" are usurious interest prohibited by N.C. Gen. Stat. § 24-10.1. As the forecast of the evidence discloses that this

transaction involved a lease, not a loan, the provisions of Chapter 24 are inapplicable, and plaintiff's assignments of error are overruled. *Kessing v. Mortgage Corp.*, 278 N.C. 523, 180 S.E.2d 823 (1971) (holding that the elements of a usury action include, *inter alia*, the presence of a loan and defining loan as "the delivery by one party and the receipt by the other party of a given sum of money, on an agreement, express or implied, to repay the sum lent, with or without interest").

The orders of the trial court granting defendant's motion for summary judgment and ordering payment of attorney's fees, prejudgment interest, and late charges are

Affirmed.

Judges LEWIS and MARTIN concur.