BRENDA WATTS, Plaintiff v. SHARON F. SLOUGH, STEPHEN H. SLOUGH, Individually and as Trustee, BRIAN K. SHEETS and JEFFREY L. SHEETS, Defendants

No. COA03-393

(Filed 17 February 2004)

**Appeal and Error— appealability—partial summary judgment**

Appeals from partial summary judgments were dismissed as interlocutory where the judgments were entered for one of four defendants and on four of eight claims for relief arising from investment sales; the trial court did not certify the case for appeal; and the lack of immediate review did not cause the loss of a substantial right.

Appeal by defendants from order and judgment entered 27 December 2002 by Judge Clarence E. Horton, Jr. in Cabarrus County Superior Court. Heard in the Court of Appeals 19 November 2003.

*Hartzell & Whiteman, L.L.P., by Andrew O. Whiteman, for plaintiff-appellee.*

*Anderson, Johnson, Lawrence, Butler & Bock, L.L.P., by Steven C. Lawrence, for defendants-appellants.*

GEER, Judge.

Plaintiff Brenda Watts filed suit asserting eight claims for relief based on her loss of $243,000 as a result of an investment made in reliance on representations and omissions by defendant Sharon Slough that Ms. Watts contends were materially false and misleading. Defendants appeal from the trial court's entry of partial summary judgment in plaintiff's favor as to two claims for relief and its denial of summary judgment as to the remaining six claims for relief. Because defendants' appeal is interlocutory and does not affect a substantial right, we dismiss the appeal.

In the spring of 2000, Ms. Watts and Ms. Slough discussed possible investment opportunities for Ms. Watts' retirement funds. Ultimately, Ms. Watts agreed to invest in a program involving Global Telelink Services, Inc. ("Global"). Under this program, the investor would purchase from Cord Communications, Inc. telephone switch equipment called a Packet Gateway System ("PGS") and then would lease the PGS to Global in return for monthly payments resulting in a 14% annual return plus one-half percent of lease income. On 17 May 2000, Ms. Watts purchased nine PGS "bundles" at a cost of $243,000.

Plaintiff received distributions totaling $16,569.50 over an eight-month period beginning in June 2000. Payments ceased in March 2001 when Global closed its doors. Ms. Watts learned that on 8 March 2001, the SEC had filed a complaint alleging that this investment program was a "ponzi" scheme that had raised more than $10 million. On 9 March 2001, the United States District Court for the Northern District of Georgia entered an order granting the injunctive relief sought by the SEC, appointing a receiver for Global, and freezing Global's and other entities' assets.

Plaintiff brought suit on 28 March 2002 against Ms. Slough; Ms. Slough's husband, Stephen H. Slough; and Ms. Slough's sons, Brian K. Sheets and Jeffrey L. Sheets. Ms. Watts asserted seven claims for relief against Ms. Slough only: (1) sale of unregistered securities in violation of N.C. Gen. Stat. §§ 78A-24 and -56(a), (2) sale of securities by an unlicensed person in violation of N.C. Gen. Stat. §§ 78A-36(a) and -56(a), (3) fraudulent sale in violation of N.C. Gen. Stat. §§ 78A-8 and -56(a), (4) breach of fiduciary duty, (5) unfair and deceptive trade practices under N.C. Gen. Stat. § 75-1.1, (6) fraud, and (7) negligent misrepresentation. In her eighth claim for relief, Ms. Watts alleged that the transfer of a home owned by Ms. Slough to her sons and the

transfer by them to her husband in trust was a fraudulent conveyance under the North Carolina Uniform Fraudulent Transfer Act, N.C. Gen. Stat. § 39-23.1 *et seq.* (2003).

Ms. Watts moved for partial summary judgment against Ms. Slough on the claims of unlicensed sale of securities and sale of unregistered securities, seeking $243,000 plus interest, costs, and attorney's fees. Defendants moved for summary judgment on all of plaintiff's claims.

The trial court granted partial summary judgment in favor of Ms. Watts on the claims of unregistered securities and unlicensed sale. The court ruled:

> Plaintiff's Motion for Partial Summary Judgment is allowed. Judgment is entered against defendant Sharon F. Slough on plaintiff's first and second claims for relief under the North Carolina Securities Act in the amount of $243,000, plus interest at the rate of 8% per annum from May 17, 2000, until paid, costs and reasonable attorney's fees, less the income plaintiff received upon the investment in the amount of $16,569.50. *The Court will assess the amount of recoverable costs and attorney's fees at a later hearing.*

(Emphasis added) The trial court allowed defendants' motion for summary judgment as to plaintiff's fourth and seventh claims for relief (breach of fiduciary duty and negligent misrepresentation). The court ruled "[d]efendants' motion is denied as to all other claims for relief."

Because the decision enters judgment only as to one defendant and only as to four of eight claims for relief, this order is interlocutory. An interlocutory order is immediately appealable in only two circumstances: (1) if the trial court has certified the case for appeal under Rule 54(b) of the Rules of Civil Procedure; and (2) "when the challenged order affects a substantial right of the appellant that would be lost without immediate review." *Embler v. Embler*, 143 N.C. App. 162, 165, 545 S.E.2d 259, 261 (2001).

Since there was no certification in this case under Rule 54(b), "this avenue of interlocutory appeal is closed to defendant[s]." *Id.* We must determine, therefore, whether the trial court's order affects a substantial right that would otherwise be lost without immediate review.

We first hold that defendants Stephen H. Slough, Brian K. Sheets, and Jeffrey L. Sheets have not demonstrated that they have any substantial right requiring an immediate appeal. The trial court entered judgment in plaintiff's favor only as to the first two claims for relief and those claims were not asserted against these defendants. Their appeal can only relate to plaintiff's eighth claim for relief, alleging a fraudulent transfer of property. As to that claim, the trial court denied summary judgment. "[D]enial of a motion for summary judgment is not appealable unless a substantial right of one of the parties would be prejudiced should the appeal not be heard prior to final judgment." *First Atl. Mgmt. Corp. v. Dunlea Realty Co.*, 131 N.C. App. 242, 247, 507 S.E.2d 56, 60 (1998). Defendants do not make any argument that the denial of summary judgment affects a substantial right. Instead, defendants contend that plaintiff may now execute on their property as a result of the trial court's grant of summary judgment on plaintiff's first two claims. This assertion is mistaken. As a result of the trial court's denial of the motion for summary judgment, a jury must still determine whether there was a fraudulent transfer before Ms. Watts may undertake to execute on the property at issue. We therefore dismiss the appeal of defendants Stephen H. Slough, Brian K. Sheets, and Jeffrey L. Sheets.

As for Ms. Slough, against whom judgment was entered, she likewise argues that "[s]ince this judgment allows the Plaintiff to seek execution in satisfaction of the judgment, it affected a substantial right[.]" The question whether this argument entitles a party in Ms. Slough's circumstances to an interlocutory appeal was answered by *Beau Rivage Plantation, Inc. v. Melex USA, Inc.*, 112 N.C. App. 446, 436 S.E.2d 152 (1993). In *Beau Rivage,* the trial court entered summary judgment on a claim in the amount of $74,793 and awarded unspecified attorney's fees, providing: "[T]he Court reserves ruling on the amount of such fees until supporting affidavits are filed and a further hearing is conducted[.]" *Id.* at 452, 436 S.E.2d at 155. This Court held that a judgment for a specified sum leaving unresolved the amount recoverable in attorney's fees lacks "the requisite finality to make it subject to immediate appeal." *Id.*

In this case, the trial court similarly reserved for "a later hearing" the amount to be awarded in costs and attorney's fees. As a result, under *Beau Rivage,* the partial summary judgment order is not subject to immediate appeal. Plaintiff cannot seek execution on the judgment until the precise amount due from Ms. Slough has been determined. *See also Steadman v. Steadman,* 148 N.C. App. 713, 714,

559 S.E.2d 291, 292 (2002) (dismissing appeal as interlocutory when trial court had yet to determine the precise amount of money due plaintiff). Since Ms. Slough makes no other argument justifying an interlocutory appeal and since Ms. Slough presents no compelling circumstances to justify this Court's reviewing her appeal based on a writ of certiorari, we dismiss her appeal as well.

Dismissed.

Judges McGEE and HUNTER concur.