CALABRIA, Judge.
Third-party defendant Joe Carl Rowe ("defendant") appeals entry of summary judgment in favor of third-party plaintiff Mark J. Marchese ("plaintiff") in the amount of $165,000.00 plus interest. We dismiss the appeal as interlocutory.
On or about 8 December 1992 Lake Hickory Watercraft, Inc. ("Lake Hickory") was incorporated in North Carolina. A total of three stock certificates of ninety shares each were issued. John T. Adair ("Adair"), Stanley Peters ("Peters"), and plaintiff received one certificate each. On 6 January 1993, Bombardier Capital, Inc. ("Bombardier") and Lake Hickory entered into an inventory security agreement under which Bombardier advanced funds to Lake Hickory for the acquisition of Lake Hickory's inventory in exchange for a security interest in that inventory. Under the security agreement, Lake Hickory was to pay the total amount due to Bombardier on each item of inventory when that item was sold. The following day, plaintiff, Peters, Adair, and each individual's respective wife signed a guaranty providing, in relevant part, that in "consideration of, and in order to induce [Bombardier] to extend credit to [Lake Hickory]" each signing party "guarantee[d] full and prompt payment to [Bombardier] of all obligations of [Lake Hickory] to [Bombardier] . . . ."
Sometime thereafter, Peters died. On 24 June 1998, plaintiff and defendant entered into a written contract in which plaintiff agreed to sell defendant his ninety shares of ownership in Lake Hickory for the sum of $9,000.00. In addition, the contract provided as follows:
as further consideration for this purchase, [defendant] agrees to assume, and pay, and save, [plaintiff] harmless from any direct or indirect liability arising out of or through any indebtedness, obligation, or undertaking of [Lake Hickory] to . . . Bombardier . . ., including reasonable attorneys fees in defense of the same, and specifically, but not by way of limitation, any guarantees of either [plaintiff], individually, or of [Lake Hickory] to . . . Bombardier . . . .
The final provision in the contract relevant to the instant appeal required defendant to provide plaintiff, "at closing, written verification that [plaintiff] has been released of any and all guarantees, notes, or obligations, of [plaintiff] to . . . Bombardier . . . ." Despite this provision, defendant failed to provide plaintiff with the required written verification of release at the time of closing; however, plaintiff deposed, without contradiction in the record, that defendant assured him it would be "forthcoming."
After the sale of plaintiff's stock to defendant, defendant assumed certain corporate duties and held himself out as a fifty percent owner of Lake Hickory. In 1999, Lake Hickory failed to make certain financing and service charges that were due and sold certain items of inventory without payment to Bombardier. Bombardier filed suit on 4 April 2000, and the trial court entered summary judgment for $237,096.17 with costs and attorney fees in favor of Bombardier against plaintiff, Lauren E. Marchese, ("Ms. Marchese"), Adair, Hilma S. Adair, and Sara Peters, after finding them jointly and severally liable under the terms of the guaranties. Thereafter, plaintiff paid $165,000.00 to settle his liability under that order. Plaintiff and Ms. Marchese (collectively "third-party plaintiffs") filed a third-party complaint against defendant based upon the language of the contract for the sale of stock. Defendant answered, counterclaimed against plaintiff, and cross-claimed against Adair. Third-party plaintiffs moved for summary judgment on 23 October 2003. After dismissing the counterclaim against plaintiff and the cross-claim against Adair, defendant likewise moved for summary judgment against third-party plaintiffs. The trial court entered summary judgment solely in favor of plaintiff against defendant in the amount of $165,000.00 on 13 November 2003. Defendant appeals.
As an initial matter, we must address the question of whether this appeal is properly before this Court. "An order or judgment is interlocutory if it is made during the pendency of an action and does not dispose of the case but requires further action by the trial court in order to finally determine the entire controversy." N.C. Dept. of Transportation v. Page, 119 N.C. App. 730, 733, 460 S.E.2d 332, 334 (1995). Generally speaking, there is no right to an immediate appeal of an interlocutory order unless "(1) . . . the order is final as to some but not all of the claims or parties and the trial court certifies there is no just reason to delay the appeal pursuant to N.C.R. Civ. P. 54(b) or (2) . . . `the trial court's decision deprives the appellant of a substantial right which would be lost absent immediate review.'" Turner v. Norfolk S. Corp., 137 N.C. App. 138, 141, 526 S.E.2d 666, 669 (2000) (quoting Bartlett v. Jacobs, 124 N.C. App. 521, 524, 477 S.E.2d 693, 695 (1996)). When an interlocutory order is appealed, "it is the appellant's burden to present argument in his brief to this Court to support acceptance of the appeal." Interior Distribs., Inc. v. Autry, 140 N.C. App. 541, 544, 536 S.E.2d 853, 855 (2000). In the instant case, the trial court granted summary judgment in favor of plaintiff but did not enter summary judgment in favor of Ms. Marchese and did not rule on defendant's motion for summary judgment. Moreover, the trial court awarded plaintiff $165,000.00 yet held open his application for attorney fees, which were to "be addressed by separate Order." "This Court [has] held that a judgment for a specified sum leaving unresolved the amount recoverable in attorney's fees lacks `the requisite finality to make it subject to immediate appeal.'" Watts v. Slough, 163 N.C. App. 69, 72, 592 S.E.2d 274, 277 (2004) (quoting Beau Rivage Plantation v. Melex USA, 112 N.C. App. 446, 452, 436 S.E.2d 152, 155 (1993)). In Watts, this Court analyzed whether a partial summary judgment order was subject to immediate appeal and determined it was not, in part, because "the trial court . . . reserved for `a later hearing' the amount to be awarded in costs and attorney's fees." Id. Likewise, in Beau Rivage, this Court determined no immediate appeal lay from the granting of a summary judgment motion on a claim in the amount of $74,793.00 where the trial court reserved ruling on an unspecified amount of attorney fees until supporting affidavits were filed and a further hearing could be held. Beau Rivage, 112 N.C. App. 446, 436 S.E.2d 152. While a specified sum was determined in the instant case, the amount to be awarded in attorney fees has not been determined but awaits a separate order. Due to the matters still pending before the trial court, we dismiss the appeal as interlocutory.
Dismissed.
Judges HUNTER and LEVINSON concur.
Report per Rule 30(e).