**BOMBARDIER CAPITAL, INC. v. LAKE HICKORY WATERCRAFT, INC.**

[178 N.C. App. 535 (2006)]

BOMBARDIER CAPITAL, INC., Plaintiff v. LAKE HICKORY WATERCRAFT, INC.;
MARK J. MARCHESE; LAUREN E. MARCHESE; JOHN T. ADAIR; HILMA S.
ADAIR; AND SARA PETERS, Defendants, AND AS TO MARK J. MARCHESE AND
LAUREN E. MARCHESE, Defendants/Third Party Plaintiffs v. JOE CARL ROWE,
Third Party Defendant

No. COA05-1049

(Filed 18 July 2006)

**1. Guaranty— default by company after stockholder buyout—
mitigation of damages**

There were no issues of material fact concerning the failure
of one of the three initial stockholders and guarantors of a busi-
ness to mitigate his damages after the business defaulted and
payment was sought from the guarantors.

**2. Contracts— condition precedent—stock sale with indem-
nity clause—no condition in contract language**

There was no genuine issue of material fact concerning the
failure of a condition precedent in a stock sale contract with an
indemnity clause. The plain language of the contract does not
require a condition to occur before the contract is valid.

**3. Contracts— indemnification—waiver**

There were no genuine issues of material fact concerning a
waiver by a former stockholder (Marchese) of the right to seek
indemnification from the stockholder who had bought him out. A
waiver is an intentional relinquishment or abandonment of a
known right or privilege; neither the record nor the parties here
indicate that Marchese expressly waived his right to indemnifica-
tion, nor did he do so impliedly.

**4. Appeal and Error— preservation of issues—argument not
supported by authority**

An argument not supported by authority was not properly
before the Court of Appeals.

**5. Costs— attorney fees—guaranty assumption in stock pur-
chase agreement—indemnity**

The trial court did not abuse its discretion in awarding attor-
ney fees pursuant to N.C.G.S. § 6-21.2 of less than fifteen percent
of the indemnity for breach of an assumption of a guaranty of
payment in a stock purchase agreement where the agreement
contained a provision for the payment of attorney fees and the

amount of attorney fees awarded was supported by attorney testimony, affidavits and billing statements.

Appeal by third party defendant Joe Carl Rowe from the judgement entered 13 November 2003 by Judge Christopher M. Collier in Alexander County Superior Court. Heard in the Court of Appeals 22 February 2006.

*The Law Firm of J. Richardson Rudisill, Jr., by Donna N. Price, for third party plaintiff-appellees.*

*Sigmon, Clark, Mackie, Hutton, Hanvey & Ferrell, P.A., by Warren A. Hutton and Stephen L. Palmer, for third party defendant-appellant.*

JACKSON, Judge.

Third-party defendant Joe Carl Rowe ("Rowe") appeals from the trial court's entry of summary judgment and attorney fees award in favor of defendant/third-party plaintiff Mark J. Marchese ("Marchese"). On or about 8 December 1992, Lake Hickory Watercraft, Inc. ("Lake Hickory") was incorporated in North Carolina, and Lake Hickory issued a total of three stock certificates of ninety shares each. John T. Adair ("Adair"), Stanley Peters ("Peters"), and Marchese each received one certificate. On 6 January 1993, Bombardier Capital, Inc. ("Bombardier") and Lake Hickory entered into a security agreement pursuant to which Bombardier advanced funds to Lake Hickory in exchange for a security interest in Lake Hickory's inventory. The following day, Adair, Peters, Marchese, and their respective wives each signed a guaranty providing that each signing party would "guarantee full and prompt payment to [Bombardier] of all obligations of [Lake Hickory] to [Bombardier]." (the "Guaranty") Peters died sometime between signing the Guaranty and the date of this action.

On 24 June 1998, Marchese and Rowe entered into a contract for the sale of Marchese's ninety shares of stock for nine thousand dollars (the "Contract"). The Contract contained the following two provisions:

2. . . . That as further consideration for this purchase, [Rowe] agrees to assume, and pay, and save [Marchese] harmless from any direct or indirect liability arising out of or through any indebtedness, obligation, or undertaking of . . . Bombardier Capital

BOMBARDIER CAPITAL, INC. v. LAKE HICKORY WATERCRAFT, INC.

[178 N.C. App. 535 (2006)]

(Account number 691119) . . . including reasonable attorneys fees in defense of the same, and specifically, but not by way of limitation, any guarantees of either [Marchese], individually, or of . . . Bombardier Capital (Account number 691119).

3. That [Rowe] shall provide to [Marchese], at closing, written verification that [Marchese] has been released of any and all guarantees, notes, or obligations, of [Marchese] to . . . Bombardier Capital[.]

Notwithstanding the requirement of Contract provision 3, Rowe did not provide a written verification to Marchese that he had been released of any and all guarantees, notes, or obligations. Nonetheless, Marchese proceeded with the closing because he thought that the written verification "would be forthcoming." In 1999, Lake Hickory failed to meet its obligations pursuant to the security agreement, therefore breaching the security agreement. As a result, on 4 April 2000, Bombardier filed a complaint against Lake Hickory, Marchese, Adair, and Peters' wife (hereinafter collectively referred to as "defendants") for, *inter alia*, breach of contract and breach of guaranty. On 26 July 2000, Marchese filed an answer and a third-party complaint against Rowe seeking indemnification and attorney fees pursuant to the Contract.

On 21 August 2002, Bombardier filed a motion for summary judgment against defendants. After a hearing on Bombardier's summary judgment motion, the Honorable Christopher M. Collier entered summary judgment against defendants and awarded $237,096.17 in damages and $35,564.00 in attorney fees to Bombardier.

On 20 October 2003, Marchese filed a motion for summary judgment against Rowe alleging, *inter alia*, that there is no genuine issue of material fact as to Marchese's claim for breach of contract and indemnification. On 13 November 2003, the Honorable Christopher M. Collier entered summary judgment in favor of Marchese, and ordered that Rowe pay Marchese $165,000 and that Marchese's application for attorney fees be addressed by separate order. Rowe appealed.

On 1 March 2005, this Court dismissed Rowe's appeal as interlocutory because the trial court had not entered summary judgment in favor of Mrs. Marchese, had not ruled on Rowe's motion for summary judgment, and had held open Marchese's application for attorney fees in an unpublished opinion. *See Bombardier Capital, Inc. v.*

*Lake Hickory Watercraft, Inc.*, 168 N.C. App. 728, 609 S.E.2d 497 (2005) (unpublished opinion).

Marchese filed a motion for attorney fees against Rowe, and on 6 June 2005, the Honorable Christopher M. Collier ordered that Marchese was entitled to $21,500 in attorney fees and $1,780.24 in costs. Thereafter, Mrs. Marchese filed for voluntary dismissal. Rowe filed a timely appeal of the 13 November 2003 summary judgment order and 6 June 2005 order granting attorney fees and expenses.

On appeal, Rowe argues the trial court erred in granting summary judgment in favor of Marchese because genuine issues of material fact exist concerning (1) Marchese's failure to mitigate his damages; (2) the failure of a condition precedent in the Contract between the parties; (3) Marchese's waiver of the right to seek indemnification from Rowe; and (4) whether Mrs. Marchese was an intended beneficiary of the Contract between the parties such that any payment made to secure a release of Mrs. Marchese from the judgment should not be included in any amount determined to be owed to Marchese by Rowe. In addition, Rowe argues the trial court erred in awarding attorney fees on the grounds that the award is contrary to existing law and unsupported by the evidence. We first address the summary judgment issues, then proceed to the attorney fees issue.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (2005). In deciding a motion for summary judgment, a trial court must consider the evidence in the light most favorable to the non-moving party. *See Summey v. Barker*, 357 N.C. 492, 496, 586 S.E.2d 247, 249 (2003). If there is any evidence of a genuine issue of material fact, a motion for summary judgment should be denied. *Howerton v. Arai Helmet, Ltd.*, 358 N.C. 440, 471, 597 S.E.2d 674, 694 (2004). We review an order allowing summary judgment *de novo. Id.* at 470, 597 S.E.2d at 693.

[1] Rowe first contends the trial court erred in granting summary judgment because genuine issues of material fact exist concerning Marchese's failure to mitigate his damages. Our Court has held that in an action for tort committed or breach of contract without excuse, it is a well settled rule of law that the party who is wronged is required to use due care to minimize the loss. *First Nat'l Pictures Distrib. Corp. v. Seawell*, 205 N.C. 359, 360, 171 S.E. 354, 355 (1933). However,

"[t]he duty to mitigate damages arises only after a breach occurs." *Strader v. Sunstates Corp.*, 129 N.C. App. 562, 575, 500 S.E.2d 752, 759, *disc. rev. denied*, 349 N.C. 240, 514 S.E.2d 275 (1998).

Here, Marchese's liability under the Guaranty with Bombardier arose when Lake Hickory defaulted and Bombardier sought payment from the individual guarantors. Marchese satisfied his obligation to Bombardier under the Guaranty, and sought indemnification from Rowe pursuant to the Contract. Rowe's argument that the breach occurred when Lake Hickory failed to comply with the security agreement is incorrect. In contrast, the breach complained of occurred when Rowe failed to indemnify Marchese pursuant to Contract provision 2, and Marchese mitigated damages by sending a letter informing the creditor of his stock sale Contract and by sending a letter to Rowe clearly expressing his intention to enforce the Contract's indemnity clause. Therefore, Marchese mitigated damages, and is entitled to recover from Rowe under the Contract.

**[2]** Next, Rowe argues that the trial court erred in granting summary judgment because genuine issues of material fact exist concerning the failure of a condition precedent in the Contract between the parties. As a general rule, conditions precedent " 'are those facts and events, occurring subsequently to the making of a valid contract, that must exist or occur before there is a right to immediate performance, before there is a breach of contract duty, before the usual judicial remedies are available.' " *Farmers Bank, Pilot Mountain v. Michael T. Brown Distrib., Inc.*, 307 N.C. 342, 350, 298 S.E.2d 357, 362 (1983) (quoting 3A A. Corbin, Corbin on Contracts § 628, at 16 (1960)). The use of such words as "when," "after," "as soon as," and the like, give clear indication that a promise is not to be performed except upon the occurrence of a stated event. *Id.* at 351, 298 S.E.2d at 362.

Here, Rowe incorrectly contends that Contract provision 3 is a condition precedent of the Contract that required him to provide Marchese with written verification that Marchese had been released of any and all obligations, and, as a result of Rowe's failure to provide this written verification, the Contract never existed. Rowe's argument fails because the plain language of Contract provision 3 does not require a condition to occur before the contract is valid. Moreover, Marchese proceeded with the closing based upon Rowe's mere assurances that the verification was forthcoming. Therefore, Rowe's failure to provide written verification does not support a condition precedent, and Rowe's argument is without merit.

**[3]** Third, Rowe contends the trial court erred in granting summary judgment because genuine issues of material fact exist concerning Marchese's waiver of the right to seek indemnification from Rowe. Specifically, Rowe argues that Marchese waived his right to indemnification because Rowe did not provide Marchese with a written verification for release of obligations and Marchese proceeded with the Contract. This Court has established that waiver is " 'an intentional relinquishment or abandonment of a known right or privilege.' " *Medearis v. Trustees of Myers Park Baptist Church*, 148 N.C. App. 1, 10, 558 S.E.2d 199, 206 (2001), *disc. rev. denied*, 355 N.C. 493, 563 S.E.2d 190 (2002) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464, 82 L. Ed. 1461, 1466 (1938)). A waiver may be express or implied. *Id.* at 11, 558 S.E.2d at 206. "A waiver is implied when a person dispenses with a right 'by conduct which naturally and justly leads the other party to believe that he has so dispensed with the right.' " *Id.* at 12, 558 S.E.2d at 206-07 (quoting *Guerry v. Am. Trust Co.*, 234 N.C. 644, 648, 68 S.E.2d 272, 275 (1951).

In the case *sub judice*, neither the record nor the parties indicate that Marchese expressly waived his right to indemnification. Marchese did not impliedly waive his right to indemnification because he did not engage in conduct that naturally and justly would lead Rowe to believe he dispensed with his right to receive indemnification. Specifically, the Contract's indemnification clause and release clause are two separate independent clauses, and Rowe's failure to release Marchese from prior obligations did not waive the indemnification clause. Therefore, Marchese did not waive his right to indemnification, and Rowe's argument is meritless.

**[4]** Rowe's fourth argument states that the trial court erred in granting summary judgment because there is a material issue of fact as to whether Mrs. Marchese was an intended beneficiary of the Contract. The scope of review on appeal is confined to a consideration of those exceptions set out and made the basis of assignments of error in the record on appeal. N.C. R. App. P., Rule 10 (2006). "Assignments of error not set out in [Rowe's] brief, or in support of which no reason or argument is stated or authority cited, will be taken as abandoned." N.C. R. App. P., Rule 28(b)(6) (2006). Rowe failed to cite authority supporting his fourth argument. For this reason, Rowe's fourth argument is not properly before us.

**[5]** Finally, Rowe contends that the trial court erred in awarding attorney fees on the grounds that the award is contrary to existing law and unsupported by the evidence. Ordinarily, attorney fees are

not recoverable either as an item of damages or of costs, absent express statutory authority for fixing and awarding them. *United Artists Records, Inc. v. Eastern Tape Corp.*, 18 N.C. App. 183, 187, 196 S.E.2d 598, 602, *cert. denied*, 283 N.C. 666, 197 S.E.2d 880 (1973). However,

> [o]bligations to pay attorneys' fees upon any note, conditional sale contract or other evidence of indebtedness, in addition to the legal rate of interest or finance charges specified therein, shall be valid and enforceable, and collectible as part of such debt, if such note, contract or other evidence of indebtedness be collected by or through any attorney at law after maturity, subject to the following provisions:
>
> . . . .
>
> (2) If such note, conditional sale contract or other evidence of indebtedness provides for the payment of reasonable attorneys' fees by the debtor, without specifying any specific percentage, such provision shall be construed to mean fifteen percent (15%) of the "outstanding balance" owing on said note, contract or other evidence of indebtedness.

N.C. Gen. Stat. § 6-21.2 (2005), *See also Marine Ecology Sys., Inc. v. Spooners Creek Yacht Harbor, Inc.*, 40 N.C. App. 726, 730, 253 S.E.2d 613, 616 (1979) (agreements intended as security are evidence of indebtedness covered under the statute); *Stillwell Enter., Inc. v. Interstate Equip. Co.*, 300 N.C. 286, 266 S.E.2d 812 (1980) (the statute applies not only to notes and conditional sale contracts, but also to such other evidence of indebtedness as other writings evidencing an unsecured debt or any other such security agreement which evidences both a monetary obligation and a lease of specific goods). When the trial court determines an award of attorney fees is appropriate under the statute, the amount of attorney fees awarded lies within the discretion of the trial court. *Coastal Prod. Credit Ass'n v. Goodson Farms, Inc.*, 70 N.C. App. 221, 226, 319 S.E.2d 650, 655, *disc. rev. denied*, 312 N.C. 621, 323 S.E.2d 922 (1984).

Here, the trial court granted attorney fees in an amount less than fifteen percent of the $165,000 award. Attorney testimony, affidavits, and billing statements supported the attorney fees award. Therefore, the trial court did not abuse its discretion, and properly awarded attorney fees pursuant to the Contract. Accordingly, we affirm the trial court's award of attorney fees in favor of Marchese.

In conclusion, we hold that the trial court did not err in granting summary judgment in favor of Marchese, and ordering that Marchese is entitled to $21,500 in attorney fees and $1,780.24 in costs.

AFFIRMED.

Judges TYSON and ELMORE concur.