MARY B. WEBB, Plaintiff v. GEORGE TRAVERS WEBB, III, Defendant

No. COA08-1150

(Filed 5 May 2009)

**Appeal and Error— appealability—permanent alimony—interlocutory order—claim for attorney fees pending**

Defendant's appeal from an order awarding plaintiff permanent alimony is dismissed as an appeal from an interlocutory order because: (1) plaintiff's claim for attorney fees was pending at the time the trial court entered its order for alimony; (2) the order for alimony did not dispose of the case, but left it for further action by the trial court in order to settle and determine the entire controversy; and (3) defendant failed to identify a substantial right that might be lost without immediate appeal, and defendant's rights will be adequately protected by an appeal timely taken from the final judgment.

Appeal by Defendant from judgment entered 22 January 2008 by Judge James K. Roberson in Alamance County District Court. Heard in the Court of Appeals 10 March 2009.

*Walker & Bullard, P.A., by James F. Walker and Daniel S. Bullard, for Plaintiff-Appellee.*

*Wyrick Robbins Yates & Ponton LLP, by K. Edward Greene and Tobias S. Hampson, for Defendant-Appellant.*

BEASLEY, Judge.

Defendant (George Travers Webb, III) appeals from an order awarding Plaintiff (Mary B. Webb) permanent alimony. We dismiss this appeal as interlocutory.

The parties are residents of Alamance County, North Carolina. They were married in 1982 and separated on 19 October 2002. Three children were born of the marriage; two daughters born in 1985 and 1991, and a son born in 1987. On 24 October 2002 Plaintiff filed a complaint against Defendant seeking child custody and support, post-separation support, permanent alimony, equitable distribution, interim distribution, a temporary injunction, and attorney's fees. Defendant answered in December 2002, seeking equitable distribution and dismissal of Plaintiff's claims for post-separation support

and alimony. In March 2003 the trial court awarded Plaintiff $4000 a month in post-separation support and $2174 a month in child support, and in May 2003 the trial court entered an order approving the parties' parenting agreement. In October 2006 a consent order was entered on equitable distribution.

In May 2006 Defendant filed a motion for reduction of child support. In July 2006 Plaintiff filed a motion seeking to have Defendant held in contempt of court for failing to pay child support or maintain health insurance, and asking for attorney's fees. Defendant filed a motion alleging overpayment of post-separation support and child support. A trial was conducted over sixteen days between 6 November 2006 and 7 February 2007 on alimony, Plaintiff's motion for contempt, and Defendant's motion for modification of child support.

On 22 January 2008 the trial court entered an order concluding that Plaintiff was a dependent spouse and Defendant a supporting spouse, and that Plaintiff was entitled to alimony and to an award of counsel fees. The trial court awarded Plaintiff permanent alimony of $5000 a month and ordered that, if Defendant received bonuses or other compensation from his employer, his alimony payments would be increased. The trial court also found that Plaintiff was "an interested party without sufficient resources to fully defray the cost of this action, including attorney's fees, and is entitled to an award of counsel fees." Regarding the amount of counsel fees, the trial court ordered that:

> [c]ounsel for each party shall submit affidavits regarding the time spent in connection with the prosecution or defense of this matter on or before February 15, 2008. The Court will determine a partial allowance of attorney's fees to be paid by the Defendant to the Plaintiff.

From this order Defendant has appealed.

## Interlocutory Appeal

An order "is either interlocutory or the final determination of the rights of the parties." N.C. Gen. Stat. § 1A-1, Rule 54(a) (2007). "An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Veazey v. Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950) (citations omitted). "Although the parties have not raised this issue, 'whether an appeal is interlocutory presents a jurisdictional issue,

[and] this Court has an obligation to address the issue *sua sponte.'* " *Duval v. OM Hospitality, LLC*, 186 N.C. App. 390, 392, 651 S.E.2d 261, 263 (2007) (quoting *Akers v. City of Mt. Airy*, 175 N.C. App. 777, 778, 625 S.E.2d 145, 146 (2006)).

In the instant case, Plaintiff's claim for attorney's fees was pending at the time the trial court entered its order for alimony. The trial court concluded that Plaintiff was entitled to an award of partial attorney's fees and directed the parties to submit affidavits to assist the court in determining the amount of attorney's fees. Thus, the order for alimony did "not dispose of the case, but le[ft] it for further action by the trial court in order to settle and determine the entire controversy." *Veazey*, 231 N.C. at 362, 57 S.E.2d at 381 (citations omitted). As such it was interlocutory. *See, e.g., Watts v. Slough*, 163 N.C. App. 69, 592 S.E.2d 274 (2004) (where Plaintiff sought summary judgment and attorney's fees, trial court's order granting partial summary judgment and reserving ruling on Plaintiff's pending claim for attorney's fees was interlocutory); *Evans v. Evans*, 158 N.C. App. 533, 534, 581 S.E.2d 464, 465 (2003) (where "court's order did not resolve the parties' respective claims for equitable distribution and for attorney's fees" or rule on claim for alimony, this Court concludes "the order from which defendant appeals was interlocutory."); *Beau Rivage Plantation v. Melex USA*, 112 N.C. App. 446, 436 S.E.2d 152 (1993). In *Beau Rivage*, the defendant filed a counterclaim and claim for attorney's fees. The trial court entered summary judgment for the defendant and awarded defendant attorney's fees. The order stated that the trial court "reserves ruling on the amount of such fees until supporting affidavits are filed and a further hearing is conducted[.]" *Id.* at 452, 436 S.E.2d at 155. On appeal, this Court held that:

> the threshold and dispositive question is whether the trial court's order of 27 July had the requisite finality to make it subject to immediate appeal. We are of the opinion that it did not. . . . It follows, therefore, that plaintiff could not oust the trial court's jurisdiction to settle and determine the entire controversy by filing its notice of appeal[.]

*Id.* at 452-53, 436 S.E.2d at 155 (internal quotations omitted). We conclude that, inasmuch as it did not resolve Plaintiff's pending claim for attorney's fees, the trial court's order in this case was interlocutory.

"Generally, there is no right of immediate appeal from interlocutory orders and judgments." *Sharpe v. Worland*, 351 N.C. 159, 161, 522 S.E.2d 577, 578 (1999) (citations omitted).

**WEBB v. WEBB**

[196 N.C. App. 770 2009)]

[A]n interlocutory order is immediately appealable only under two circumstances. First, 'if the order or judgment is final as to some but not all of the claims or parties, and the trial court certifies the case for appeal pursuant to N.C. Gen. Stat. § 1A-1, Rule 54(b), an immediate appeal will lie.' . . . The other situation in which an immediate appeal may be taken from an interlocutory order is when the challenged order affects a substantial right of the appellant that would be lost without immediate review.

*Embler v. Embler*, 143 N.C. App. 162, 164-65, 545 S.E.2d 259, 261 (2001) (quoting *N.C. Dept. of Transportation v. Page*, 119 N.C. App. 730, 734, 460 S.E.2d 332, 334 (1995)) (citations omitted). In the instant case, "[s]ince the trial court did not certify its decision, we must decide whether [Defendant] has a substantial right that would be lost absent immediate review." *McCutchen v. McCutchen*, 360 N.C. 280, 282, 624 S.E.2d 620, 623 (2006).

"The appealability of interlocutory orders pursuant to the substantial right exception is determined by a two-step test. '[T]he right itself must be substantial and the deprivation of that substantial right must potentially work injury to plaintiff if not corrected before appeal from final judgment.' " *Miller v. Swann Plantation Development Co.*, 101 N.C. App. 394, 395, 399 S.E.2d 137, 138-39 (1991) (quoting *Goldston v. American Motors Corp.*, 326 N.C. 723, 726, 392 S.E.2d 735, 736 (1990)). Moreover, "the appellant has the burden of showing this Court that the order deprives the appellant of a substantial right which would be jeopardized absent a review prior to a final determination on the merits." *Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 380, 444 S.E.2d 252, 254 (1994) (citation omitted). This requirement is codified in N.C. R. App. P. 28(b)(4), which states in pertinent part that an appellant's brief must include:

[a] statement of grounds for appellate review. Such statement shall include citation of the statute or statutes permitting appellate review. . . . When an appeal is interlocutory, the statement must contain sufficient facts and argument to support appellate review on the. ground that the challenged order affects a substantial right.

Defendant does not identify any substantial right that might be lost without immediate appeal, but simply asserts that:

[t]his appeal lies from a final decision . . . pursuant to N.C. Gen. Stat. § 7A-27(c). *See also, In re Harts*, —— N.C. App. ——,

——, 664 S.E.2d 411, 414 (2008) (requiring an appellant as the "only course of action" to preserve appeal from an underlying order immediately divesting trial court of jurisdiction, even if the trial court reserves the issue of the amount of attorney's fees for a later hearing).

Defendant apparently contends that he appeals from a "final decision" notwithstanding the pending claim for attorney's fees. His reliance on *In re Will of Harts*, 191 N.C. App. 807, 664 S.E.2d 411 (2008), in support of this position, is misplaced. In *Harts*, the trial court entered judgment for the propounders in a caveat case, in an order that "did not address the issues of costs and attorney's fees at that time." *Id.* at 808, 664 S.E.2d at 413. The opinion does not suggest that an attorney's fees motion was then pending. The caveator delayed giving notice of appeal until after the trial court ruled on a motion for attorney's fees, which presumably was made post-trial. By then the time had expired for caveator to appeal from the judgment in favor of the propounders. *Harts* held that, following entry of a final judgment, an appellant must file notice of appeal within the time limits of N.C.R. App. P. 3. However, *Harts* did not hold that an interlocutory order, entered before the trial court rules on a pending motion for attorney's fees, is immediately appealable. Nor does *Harts* suggest that a pending motion for attorney's fees does not count in determining whether an order is interlocutory.

" 'Appellate procedure is designed to eliminate the unnecessary delay and expense of repeated fragmentary appeals, and to present the whole case for determination in a single appeal from the final judgment.' In keeping with the policy discouraging fragmentary appeals, we conclude that the present interim order does not affect a substantial right and that [Defendant's] rights will be adequately protected by an appeal timely taken from the final . . . judgment." *Hunter v. Hunter*, 126 N.C. App. 705, 708, 486 S.E.2d 244, 245-46 (1997) (quoting *Raleigh v. Edwards*, 234 N.C. 528, 529, 67 S.E.2d 669, 671 (1951)).

Appeal dismissed.

Judges McGEE and GEER concur.