TRAVIS T. BUMPERS AND TROY ELLIOTT, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, PLAINTIFFS v. COMMUNITY BANK OF NORTHERN VIRGINIA, DEFENDANT

No. COA08-1135

(Filed 5 May 2009)

**Appeal and Error— appealability—interlocutory order—improper Rule 54(b) certification—attorney fees and costs remaining**

Defendant's appeal from a trial court's order in a class action against defendant bank in a lawsuit, asserting violations of Chapter 24 of the North Carolina General Statutes for excessive fees and unfair trade practices based on duplicative fees and charging a mortgage loan discount fee charge when the loan was not discounted, was from an interlocutory order and dismissed even though the trial court certified it under N.C.G.S. § 1A-1, Rule 54(b) because: (1) the trial court awarded damages and trebled them under Chapter 75, leaving only the amount of attorney fees to be determined in the future; (2) court costs do not constitute a separate claim for purposes of Rule 54(b) analysis, but are instead ancillary to the claim under Chapter 75; and (3) it was error to certify the order as final as to a claim without first assessing attorney fees and other costs.

Appeal by defendant from judgments entered 22 April 2008 and 10 May 2008 by Judge John B. Lewis, Jr. in Wake County Superior Court. Heard in the Court of Appeals 25 February 2009.

*Hartzell & Whiteman, L.L.P., by J. Jerome Hartzell, and Financial Protection Law Center, by Mallam J. Maynard, for plaintiff-appellees.*

*Ellis & Winters LLP, by Matthew W. Sawchak, for defendant-appellant.*

STEELMAN, Judge.

While we give great deference to a trial court's certification pursuant to Rule 54(b) of the Rules of Civil Procedure, the ultimate decision as to whether a matter is appealable rests with the appellate courts. An order of the trial court which resolved all issues except the amount of attorney's fees is a non-appealable interlocutory order and is dismissed.

I. Factual and Procedural Background

Both Travis T. Bumpers (Bumpers) and Troy Elliott (Elliott) each closed second mortgage loans with Community Bank of Northern Virginia (Community Bank).

In 1999, Bumpers responded to a mailed solicitation advertising loans offered by Community Bank. He called the listed 800 number, submitted a loan application over the phone, made a few more telephone calls, faxed requested documents, and then was directed to a women's lingerie store to sign the closing documents. A notary public worked at the store. Bumpers was approved for a $28,450.00 loan, with an interest rate of 16.99%. Title America provided the closing services for the loan. Community Bank and Title America charged Bumpers fees totaling $4,827.88.

In 1999, Elliott also responded to a mailed solicitation advertising loans offered by Community Bank. Elliott testified he called the 800 number because of the advertised 12.99% interest rate contained in the mailed solicitation. He submitted a loan application over the phone, made a few more telephone calls, faxed requested documents, and then went to a person's house, Tyler Toulane (Toulane), to sign loan papers. Toulane explained to Elliott that he was a notary public. Elliott was approved for a $35,000.00 loan, with a 12.99% interest rate. Title America provided the closing services for the loan. Community Bank and Title America charged Elliott fees totaling $5,650.00.

In September 2001, plaintiffs filed a lawsuit against Community Bank and Chase Manhattan Bank asserting violations of Chapter 24 of the North Carolina General Statutes based on excessive fees, violations of N.C. Gen. Stat. § 53-238 and N.C. Gen. Stat. § 75-1.1 based on duplicative fees, violations of N.C. Gen. Stat. § 75-1.1 based on a loan discount fee charge when the loan was not discounted, and violations of N.C. Gen. Stat. § 24-1.1A(c)(1)(e), 24-8(d), 53-238,[1] and 75-1.1 based on the fees charged by Title America.

In October 2001, the case was removed to federal court, and then in August 2002, the case was remanded to Wake County Superior Court. In April 2003, the trial court entered an order granting certain aspects of defendants' motions to dismiss and denying defendants'

---

1. Plaintiffs' complaint recites N.C. Gen. Stat. § 53-238; however, this statute was repealed in 1988 by Session Laws 1987 ch. 1017, § 1. The applicable provision has been recodified in Article 19A of Chapter 53. Plaintiffs' claim for relief based on this statute was dismissed by the Wake County Superior Court by order filed 1 May 2003.

motions to dismiss as to the claims under N.C. Gen. Stat. § 75-1.1. Plaintiffs then filed a notice of withdrawal as to the claims that were dismissed by the April 2003 order and waived all rights of appeal with respect to those claims.

In June 2003, Community Bank removed the case to the United States District Court for the Eastern District of North Carolina. A number of cases had been commenced against Community Bank in the United States District Court for the Western District of Pennsylvania, and in August 2003, the parties consented to have this case transferred to join a national class action against Community Bank and other defendants in the Western District of Pennsylvania.

In December 2003, the federal court approved a class action settlement, which was subsequently set aside and remanded for further proceedings in August 2005 by the United States Third Circuit Court of Appeals. In August 2006, the federal class representatives signed a modified settlement agreement with Community Bank and other defendants, which the United States District Court conditionally approved in January 2008. On 22 January 2008, the instant case was transferred to the United States District Court for the Eastern District of North Carolina for remand to the Wake County Superior Court for lack of subject matter jurisdiction in the federal court because "plaintiffs' state court complaint sounded purely in North Carolina statutory and common law."

Bumpers and Elliott sought to have their motion for class certification and motion for summary judgment ruled upon. In March 2008, the United States District Court for the Western District of Pennsylvania granted an injunction prohibiting Bumpers and Elliott from proceeding with class certification efforts but declined to halt the proceedings on the summary judgment motion. On 28 April 2008, an order was filed granting plaintiffs' motion for partial summary judgment on the issues of liability, holding that Community Bank's practice of charging a loan discount fee without providing a loan with a discounted interest rate constituted an unfair and deceptive trade practice under Chapter 75. This order further held that Community Bank's duplicative fees constituted systematic overcharging also in violation of Chapter 75. In a second order filed 15 May 2008, each of the plaintiffs were awarded damages and treble damages pursuant to N.C. Gen. Stat. § 75-16, along with interest on the excess settlement charges but not the trebled amount. The order expressly stated that the trial court did not consider attorney's fees pursuant to N.C. Gen.

Stat. § 75-16.1, "but nonetheless determines that there is no just cause for delay and that the judgment resulting from this order should be entered as a final judgment."

On 14 August 2008, the United States District Court for the Western District of Pennsylvania entered final orders approving and enforcing the settlement. Elliott is appealing the United States District Court for the Western District of Pennsylvania's rulings on the ground that the nation-wide settlement does not afford North Carolina borrowers the relief to which they are entitled under North Carolina law. Bumpers "opted out" of the nation-wide class and is not affected by the order enforcing the settlement.

Defendant appeals.

## II.  Interlocutory Appeal

On 22 April 2008 and 10 May 2008, the trial court entered summary judgment rulings on the issues of liability and damages. The only issue left for resolution by the trial court was the amount of attorney's fees to be awarded pursuant to N.C. Gen. Stat. § 75-16.1. The trial court certified defendant's appeal as immediately appealable pursuant to Rule 54(b) of the North Carolina Rules of Civil Procedure.

Not every judgment or order of the Superior Court is appealable to the Court of Appeals. No appeals are granted as a matter of right and can only be taken from judgments and orders that are designated by the statutes regulating the right to appeal. *See* N.C. Gen. Stat. § 1-271 (2007); *see also McKinley Bldg. Corp. v. Alvis*, 183 N.C. App. 500, 501, 645 S.E.2d 219, 221 (2007); N.C.R. App. P. 28(b)(4).

"An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Veazey v. Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950) (citing *Johnson v. Roberson*, 171 N.C. 194, 88 S.E. 231 (1916)). Because the trial court's order did not dispose of the entire case and left the matter of attorney's fees unresolved, it was an interlocutory order. Interlocutory orders are "immediately appealable in only two instances: (1) if the trial court certifies that there is no just reason to delay the appeal pursuant to N.C. Gen. Stat. § 1A-1, Rule 54(b) or (2) when the challenged order affects a substantial right the appellant would lose without immediate review." *Wiggs v. Peedin*, 194 N.C.

App. ——, ——, 669 S.E.2d 844, 847 (2008) (citing *Embler v. Embler*, 143 N.C. App. 162, 164-65, 545 S.E.2d 259, 261 (2001)). In this case, defendant does not contend that a substantial right was affected but only that the trial court's Rule 54(b) certification entitles it to an immediate appeal. We thus do not discuss whether any substantial right was affected.

"[T]he trial court's determination that there is no just reason to delay the appeal, while accorded great deference, . . . cannot bind the appellate courts because ruling on the interlocutory nature of appeals is properly a matter for the appellate division, not the trial court." *First Atl. Mgmt. Corp. v. Dunlea Realty Co.*, 131 N.C. App. 242, 247, 507 S.E.2d 56, 60 (1998) (citations and quotations omitted); *see also Wiggs*, 194 App. at ——, 669 S.E.2d at 847.

Rule 54(b) provides:

(b) *Judgment upon multiple claims or involving multiple parties.*—When more than one claim for relief is presented in an action, whether as a claim, counterclaim, crossclaim, or third-party claim, or when multiple parties are involved, the court may enter a final judgment as to one or more but fewer than all of the claims or parties only if there is no just reason for delay and it is so determined in the judgment. Such judgment shall then be subject to review by appeal or as otherwise provided by these rules or other statutes.

N.C.R. Civ. P. 54(b). This rule contemplates the entry of a judgment as to fewer than all claims or parties. *Tridyn Industries, Inc. v. American Mut. Ins. Co.*, 296 N.C. 486, 491, 251 S.E.2d 443, 447 (1979). It does not contemplate the fragmentation of the claims themselves or provide for the immediate appeal of less than the entire claim.

In *Tridyn*, the trial court was presented with cross summary judgment motions on a question of coverage under an insurance policy issued by defendant to plaintiff. The trial court found in favor of plaintiff on the question of coverage, holding that defendant's refusal to defend claims against plaintiff was a breach of contract, and plaintiff was entitled to recover reasonable attorney's fees from defendant. However, the trial court determined that damages, attorney's fees, and costs were to be determined at a later time. The trial court then stated that " 'this is a final judgment and there is no just reason for delay.' " *Id.* at 488, 251 S.E.2d at 445.

Our Supreme Court held: "That the trial court declared it to be a final, declaratory judgment does not make it so. This is not an action for a declaratory judgment but a claim by plaintiff for damages." *Id.* at 491, 251 S.E.2d at 447. Our Supreme Court further stated "[t]he cases uniformly hold" that "a partial summary judgment entered for plaintiff on the issue of liability only leaving for further determination at trial the issue of damages" is not immediately appealable. *Id.* at 492, 251 S.E.2d at 448. The appeal was dismissed despite the trial court's Rule 54(b) certification.

The facts of the instant case are stronger for dismissal than those in *Tridyn.* The trial judge actually awarded damages and trebled them pursuant to Chapter 75, leaving only the amount of attorney's fees to be determined in the future. N.C. Gen. Stat. § 75-16.1 provides that attorney's fees in an unfair and deceptive trade practices claim are in the discretion of the trial court. *Birmingham v. H & H Home Consultants & Designs, Inc.*, 189 N.C. 435, 444, 658 S.E.2d 513, 518 (2008). The statute provides that attorney's fees are "to be taxed as a part of the court costs and payable by the losing party[.]" N.C. Gen. Stat. § 75-16.1 (2007); *see also* N.C. Gen. Stat. § 7A-305(d)(3) (2007).

We hold that court costs do not constitute a separate claim for purposes of Rule 54(b) analysis. Rather, the court costs are ancillary to the claim under Chapter 75 of the General Statutes. It was improper for the trial court to certify its order as final as to a claim without first assessing attorney's fees and other costs.

The instant case has been pending in the courts of North Carolina and the federal courts since 13 February 2001. It has a long procedural history, which has resulted in inordinate delays in its final resolution.

Fragmentary appeals do not further justice but only serve to bring unnecessary delay and expense to the courts·and the parties. Our Supreme Court has stated, "[t]here is no more effective way to procrastinate the administration of justice than that of bringing cases to an appellate court piecemeal through the medium of successive appeals from intermediate orders." *Veazey*, 231 N.C. at 363, 57 S.E.2d at 382. Our system of appeals is designed, with very limited exceptions, to decide the entire case on appeal, not its separate pieces, in order to obtain a final resolution of the matter as expeditiously as possible. The appeals process is not designed to be a tool used by counsel to obtain advantage in the case.

The trial court's certification of this matter pursuant to Rule 54(b) was in error, this appeal is from a non-appealable interlocutory order, and is dismissed.

DISMISSED.

Judges BRYANT and ELMORE concur.