TRIAD WOMEN'S CENTER, P.A., PLAINTIFF v. TOSHA L. ROGERS, DEFENDANT

No. COA09-1272

(Filed 5 October 2010)

**Appeal and Error— interlocutory order—award of attorney fees —amount to be determined**

> An appeal from an award of attorney fees may not be brought until the trial court has finally determined the amount to be awarded unless appellant makes a showing that waiting for the final determination would affect a substantial right. Here, the appeal from an interlocutory order did not affect a substantial right and was dismissed.

Appeal by defendant from order entered 11 June 2009 by Judge Catherine C. Eagles in Guilford County Superior Court. Heard in the Court of Appeals 23 March 2010.

*Robert E. Boydoh, Jr. and Angela Bullard Fox for plaintiff-appellee.*

*Penry Riemann PLLC, by Rolly L. Chambers, for defendant-appellant.*

GEER, Judge.

Defendant Tosha L. Rogers appeals from the trial court's order granting summary judgment to plaintiff Triad Women's Center, P.A. The order also stated that it was awarding plaintiff attorneys' fees, but reserved for further hearing the issue of the amount of fees to be awarded. Defendant appealed prior to the trial court's entering any order finalizing the award of attorneys' fees. On appeal, defendant challenges only the decision to award fees and not the trial court's determination that plaintiff was entitled to summary judgment. Since there has been no final decision on the attorneys' fees issue, this appeal, limited to the propriety of an award of fees, is interlocutory. Despite the interlocutory nature of the appeal, defendant makes no argument as to the existence of a substantial right that will be lost absent immediate review. We, therefore, dismiss defendant's appeal.

## Facts

On 19 May 2007, plaintiff and defendant entered into an employment agreement in which defendant agreed to work for plaintiff as a physician in its obstetrics and gynecology medical practice. Section 3.1(e) of the agreement provided that plaintiff could at any time terminate defendant's employment for cause, including, but not limited to, acts considered "materially adverse to the best financial interests" of plaintiff.

If defendant's employment was terminated, section 1.6 of the agreement required her to purchase, at defendant's own expense, continuing coverage for any liability directly or indirectly resulting from acts or omissions occurring during the term of the agreement. This coverage ("tail insurance coverage") was required to be obtained through an extended reporting endorsement to the existing insurance policy maintained by plaintiff and to name plaintiff as an additional certificate holder. The endorsement would extend the period of time that the insurance company would cover claims arising out of services rendered by defendant while employed by plaintiff but not yet reported to the insurance company at the time of the termination of defendant's employment.

The agreement further specified that if defendant did not provide plaintiff with a certificate confirming she had purchased this cover-

age, plaintiff could purchase the coverage using any money due defendant. If no money was due defendant, plaintiff was entitled to seek reimbursement from defendant.

Defendant began work on 1 August 2007. By letter dated 6 May 2008, defendant gave plaintiff 60-days notice, pursuant to the agreement, that she would be resigning from the medical practice. Defendant stated that her resignation was "due to differences in practice style and philosophy" that were "too vast for the patients to receive an adequate standard of care." Defendant wrote: "I feel as though the patient should be the most important aspect of patient care. The good of the patient should supersede the good of the staff or the good of the practice." This letter was copied to David Moore, M.D., Chief of Staff at High Point Regional Hospital.

On 23 May 2008, Dr. Elaine Greene, plaintiff's President, called defendant to inform her that her employment was being immediately terminated for cause due to the statements defendant made to High Point Regional Hospital in the 6 May 2008 letter. Dr. Greene explained that those statements were "materially adverse to the interest of the company" and that, pursuant to the agreement, defendant was required to purchase tail insurance coverage. That same day, Dr. Greene mailed to defendant's home address written notice of the termination of defendant's employment and a reminder of her obligation to obtain tail insurance coverage.

By letter dated 12 June 2008, plaintiff's legal counsel also notified defendant of her obligation to obtain tail insurance coverage and advised her that if she did not obtain the coverage by 30 June 2008, plaintiff would purchase it on her behalf. On 19 June 2008, defendant sent plaintiff a "Certificate of Liability Insurance" that had been issued by her new employer's insurance company. That "Certificate of Liability Insurance" was determined to be inadequate verification of insurance coverage for plaintiff because plaintiff "was not named in the Certificate as an insured or an additional insured."

On 30 June 2008, plaintiff's legal counsel sent another letter to defendant notifying her that because she had not provided evidence that she had purchased tail insurance coverage, plaintiff had purchased it on her behalf. The letter stated that plaintiff was giving defendant five days to reimburse plaintiff in full for the insurance premium, or plaintiff would institute a lawsuit to recover the premium, interest, court costs, and attorneys' fees.

On 17 September 2008, plaintiff filed suit against defendant in Guilford County Superior Court, seeking $6,904.00 in reimbursement for the cost of the tail insurance coverage plus interest and reasonable attorneys' fees pursuant to N.C. Gen. Stat. § 6-21.5 (2009), as provided in the employment agreement. Defendant filed an answer on 23 October 2008, and, on 31 October 2008, an amended answer and counterclaim for breach of contract, seeking $26,666.00 for lost wages.

On 6 May 2009, plaintiff moved for summary judgment. On 11 June 2009, the trial court entered an order granting plaintiff's motion for summary judgment as to both plaintiff's claim and defendant's counterclaim and awarding plaintiff "the sum of $6,904.00, plus interest at the legal rate from June 30, 2008 until paid, together with the costs of this action, including reasonable attorney's fees to be determined by the Court[.]" Defendant filed notice of appeal on 10 July 2009 prior to the trial court's making any further determination regarding attorneys' fees. On 30 December 2009, plaintiff filed a motion to dismiss defendant's appeal, contending that the trial court's order is interlocutory and not immediately appealable.

## Discussion

"An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Veazey v. City of Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950). There is no right to immediately appeal an interlocutory order except in two instances: " '(1) the order is final as to some claims or parties, and the trial court certifies pursuant to N.C.G.S. § 1A-1, Rule 54(b) that there is no just reason to delay the appeal, or (2) the order deprives the appellant of a substantial right that would be lost unless immediately reviewed.' " *Currin & Currin Constr., Inc. v. Lingerfelt*, 158 N.C. App. 711, 713, 582 S.E.2d 321, 323 (2003) (quoting *Myers v. Mutton*, 155 N.C. App. 213, 215, 574 S.E.2d 73, 75 (2002), *appeal dismissed and disc. review denied*, 357 N.C. 63, 579 S.E.2d 390 (2003)).

Here, the trial court's order granting summary judgment awarded "reasonable attorney's fees *to be determined by the Court.*" (Emphasis added.) Since, as of the appeal, the issue of the amount of fees to be paid still remained pending, the order granting summary judgment is interlocutory. *See Hoke County Bd. of Educ. v. State*, —— N.C. App. ——, ——, 679 S.E.2d 512, 515-16 (holding that order leaving open issue whether costs should be awarded was "interlocutory in nature" and appeal, therefore, was not properly before Court), *disc.*

*review denied*, 363 N.C. 653, 686 S.E.2d 515 (2009). The summary judgment order does not include any Rule 54(b) certification, and defendant has made no argument that the order affects a substantial right that will be lost without an immediate appeal. Indeed, defendant's Statement of the Grounds for Appellate Review states in its entirety: "This appeal lies from a final decision of the Superior Court of Guilford County pursuant to N.C. Gen. Stat. §7A-27(b)."

In response to plaintiff's motion to dismiss the appeal, defendant relies upon *In re Will of Harts*, 191 N.C. App. 807, 664 S.E.2d 411 (2008). That decision was, however, subsequently limited by this Court in *Webb v. Webb*, 196 N.C. App. 770, 774, 677 S.E.2d 462, 465 (2009) ("*Harts* did not hold that an interlocutory order, entered before the trial court rules on a pending motion for attorney's fees, is immediately appealable. Nor does *Harts* suggest that a pending motion for attorney's fees does not count in determining whether an order is interlocutory."). In any event, it is questionable whether either opinion continues to be controlling authority given our Supreme Court's decision in *Bumpers v. Cmty. Bank of N. Virginia*, 364 N.C. 195, 203, 695 S.E.2d 442, 447-48 (2010) (rejecting case-by-case approach followed in *Webb* and *Harts* in favor of "bright-line rule").

We need not, however, resolve the current state of the law under *Bumpers*, *Webb*, and *Harts* because none of those cases is pertinent to this appeal. While those opinions would be relevant if defendant were challenging on appeal whether the trial court should have granted summary judgment on plaintiff's claim and defendant's counterclaim, defendant's appeal relates only to the propriety of the award of attorneys' fees. She included only two Questions Presented in her brief:

I.   DID THE TRIAL COURT ERR IN AWARDING ATTORNEY'S FEES TO THE PLAINTIFF WHERE THERE WAS NO STATUTORY AUTHORITY FOR SUCH AN AWARD?

II.  DID THE TRIAL COURT ERR IN AWARDING ATTORNEY'S FEES TO THE PLAINTIFF WHERE THERE WAS NO BASIS FOR SUCH AN AWARD UNDER THE TERMS OF THE EMPLOYMENT AGREEMENT IN DISPUTE?

Even if we consider the decision to grant summary judgment to be a final judgment—which may have been certifiable under Rule 54(b) pursuant to *Bumpers*—there can be no question that no final decision has yet been rendered as to plaintiff's request for attorneys' fees.

As our Supreme Court recently reminded us, "[t]he appeals process 'is designed to eliminate the unnecessary delay and expense of repeated fragmentary appeals, and to present the whole case for determination in a single appeal from the final judgment.' " *Stanford v. Paris,* —— N.C. ——, ——, —— S.E.2d ——, ——, 2010 WL 3366720, *4, 2010 N.C. LEXIS 581, *11 (Aug. 27, 2010) (quoting *City of Raleigh v. Edwards,* 234 N.C. 528, 529, 67 S.E.2d 669, 671 (1951)) (holding that party may appeal order affecting substantial right, but is not required to do so). Here, if we were to allow this appeal, we would be required to visit the attorneys' fees issue twice: one appeal addressing, in the abstract, whether plaintiff may recover attorneys' fees at all and, if we upheld the first order, a second appeal addressing the appropriateness of the actual monetary award. Allowing a single issue, such as attorneys' fees, to be split in two gives rise to precisely the unnecessary delay and expense mentioned in *Stanford.*

We recognize that the potential for dismissal of an appeal as untimely is a risk that forces attorneys to err on the side of caution for fear of depriving their clients of an appeal. We also recognize that the law in this area has not always been a model of clarity. We, therefore, specifically hold that an appeal from an award of attorneys' fees may not be brought until the trial court has finally determined the amount to be awarded. For this Court to have jurisdiction over an appeal brought prior to that point, the appellant would have to show that waiting for the final determination on the attorneys' fees issue would affect a substantial right. Because (1) defendant's appeal relates only to the issue of attorneys' fees, and the trial court has not yet entered an order finally deciding that issue, and (2) defendant has not argued that a substantial right is affected, we dismiss the appeal as interlocutory.

Dismissed.

Judges McGEE and ERVIN concur.