DUNCAN v. DUNCAN

[223 N.C. App. 15 (2012)]

———————

BARBARA R. DUNCAN, PLAINTIFF-APPELLEE
v. JOHN H. DUNCAN, DEFENDANT-APPELLANT

No. COA12-399

(FILED 2 OCTOBER 2012)

**Appeal and Error—interlocutory order—alimony—attorney fees—failure to argue substantial right**

Defendant's appeal from an interlocutory order awarding alimony but reserving the issue of attorney fees was dismissed. Defendant failed to acknowledge the interlocutory nature of his appeal or argue that some substantial right would be affected absent immediate appeal.

Appeal by Defendant from the following orders and judgment entered in District Court, Macon County: order entered 15 October 2007 by Judge Monica Leslie; orders entered 31 March and 4 September 2008 by Judge Richard K. Walker; order entered 18 September 2009 and judgment entered 2 September 2010 by Judge

Steven J. Bryant; and orders entered 14 April 2011 and 18 January 2012 by Judge Richard K. Walker. Heard in the Court of Appeals 11 September 2012.

*Siemens Family Law Group, by Jim Siemens; and Ruley Law Offices, by Douglas A. Ruley, for Plaintiff-Appellee.*

*Hyler & Lopez, by Stephen P. Agan and George B. Hyler, Jr., for Defendant-Appellant.*

McGEE, Judge.

John H. Duncan (Defendant) and Barbara R. Duncan (Plaintiff) participated in a wedding ceremony presided over by Hawk Littlejohn (Littlejohn), a Cherokee medicine man, in October 1989. This traditional Cherokee ceremony lasted several days and culminated on 15 October 1989, whereupon the parties signed a marriage certificate that was then filed with the Macon County Register of Deeds. Plaintiff and Defendant believed they were lawfully married, and acted in all ways as husband and wife. In 2001, an estate planning attorney brought to Plaintiff's and Defendant's attention a possible problem with their 1989 wedding ceremony. As a precaution, on 14 October 2001, Plaintiff and Defendant "renewed" their vows at a ceremony at the First Presbyterian Church in Franklin, North Carolina.

Plaintiff filed an action for divorce on 27 June 2005. Defendant filed an answer and counterclaim on 8 July 2005, alleging that he and Plaintiff were not legally married until their 14 October 2001 ceremony. A hearing was conducted on 12 September 2006 to address the issue of whether the October 1989 wedding ceremony had resulted in a valid marriage. The trial court entered an order on 15 October 2007, concluding that the October 1989 ceremony had resulted in a valid marriage, and that Defendant was estopped from arguing that 15 October 1989 was not the date of marriage.

Defendant attempted to appeal from the trial court's 15 October 2007 order. However, this Court held that Defendant's appeal was an improper interlocutory appeal, and dismissed it. *Duncan v. Duncan,* 193 N.C. App. 752, 671 S.E.2d 71, 2008 WL 4911807 (2008) (unpublished opinion). The trial court subsequently entered additional orders and an equitable distribution judgment, from which Defendant now attempts to appeal.

The last order of the trial court, an "Order for Alimony," was entered 18 January 2012. In that alimony order, the trial court, *inter*

*alia,* ordered Defendant to pay Plaintiff alimony but, in its findings, held open the issue of attorney's fees, stating: "[T]he issue of attorney's fees must be reserved for further hearing . . . at which time the [c]ourt will receive[] evidence[.]"

The dispositive issue is the timeliness of Defendant's appeal. Because we hold that Defendant has improperly appealed from interlocutory orders, we dismiss.

> Previously, this Court has held that an appeal from an alimony order must be dismissed as interlocutory when there is still pending a claim for attorneys' fees. *See Webb v. Webb,* 196 N.C. App. 770, 774, 677 S.E.2d 462, 465 (2009). Our Supreme Court, however, in *Bumpers v. Cmty. Bank of N. Va.,* 364 N.C. 195, 202, 695 S.E.2d 442, 447 (2010), questioned *Webb,* which it described as following a case-by-case approach, and adopted a new rule for determining whether an appeal may proceed when the only remaining claim is one for attorneys' fees.

*Lucas v. Lucas,* ___ N.C. App. ___, ___, 706 S.E.2d 270, 273 (2011).

In *Bumpers v. Community Bank of N. Va.,* 196 N.C. App. 713, 675 S.E.2d 697 (2009) (*Bumpers I*), *rev'd in part,* 364 N.C. 195, 695 S.E.2d 442 (2010) (*Bumpers II*), this Court, in an action for unfair and deceptive trade practices, considered whether the trial court could certify an interlocutory order for immediate appeal when the issue of attorney's fees remained outstanding. Relevant facts underlying the *Bumpers I* and *Bumpers II* opinions were as follows:

> [T]he trial court entered summary judgment rulings on the issues of liability and damages. The only issue left for resolution by the trial court was the amount of attorney's fees to be awarded pursuant to N.C. Gen. Stat. § 75–16.1. The trial court certified defendant's appeal as immediately appealable pursuant to Rule 54(b) of the North Carolina Rules of Civil Procedure.

*Bumpers I,* 196 N.C. App. at 716, 675 S.E.2d at 699.

"An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Veazey v. Durham,* 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950) (citation omitted). In *Bumpers I,* this Court stated:

> Because the trial court's order did not dispose of the entire case and left the matter of attorney's fees unresolved, it was an inter-

DUNCAN v. DUNCAN

[223 N.C. App. 15 (2012)]

locutory order. Interlocutory orders are "immediately appealable in only two instances: (1) if the trial court certifies that there is no just reason to delay the appeal pursuant to N.C. Gen. Stat. § 1A–1, Rule 54(b) or (2) when the challenged order affects a substantial right the appellant would lose without immediate review."

*Bumpers I*, 196 N.C. App. at 716, 675 S.E.2d at 699 (citations omitted). In *Bumpers I*, this Court determined that appellant had not argued that any substantial right would be affected—only that the trial court's Rule 54(b) certification entitled appellant to an immediate appeal. *Id.* at 717, 675 S.E.2d at 699. This Court reasoned: "[Rule 54(b)] contemplates the entry of a judgment as to fewer than all claims or parties. It does not contemplate the fragmentation of the claims themselves or provide for the immediate appeal of less than the entire claim." *Id.* at 717, 675 S.E.2d at 700 (citation omitted).

Our Supreme Court rejected the reasoning of *Bumpers I* and reversed, holding:

> In the instant case, there is no dispute that the superior court's 15 May 2008 order resolved all substantive issues of plaintiff's claims under section 75–1.1. Consequently, this order constituted a final judgment even though the superior court expressly reserved ruling on plaintiff's request for attorney fees. The superior court properly certified its 15 May 2008 order for immediate appeal under Rule 54(b) because that order was final as to plaintiff's claims under section 75–1.1.
>
> . . .
>
> A judgment ruling on all substantive issues of a claim under N.C.G.S. § 75–1.1 is final and appealable regardless of any unresolved request for attorney fees under N.C.G.S. § 75–16.1. In appropriate cases, such a final judgment may be certified for immediate appeal under Rule 54(b). Because the superior court's 15 May 2008 order ruled on all substantive issues of plaintiff's claims under N.C.G.S. § 75–1.1, the superior court properly certified that order for immediate appeal under Rule 54(b).

*Bumpers II*, 364 N.C. at 204, 695 S.E.2d at 448. This Court has demonstrated some uncertainty concerning the scope of the holding in *Bumpers II. See Lucas*, ___ N.C. App. at ___, 706 S.E.2d at 273-74; *Dafford v. JP Steakhouse LLC*, ___ N.C. App. ___, ___ n.3, 709 S.E.2d 402, 407 n.3 (2011); *Triad Women's Ctr., P.A. v. Rogers*, 207 N.C. App. 353, 357, 699 S.E.2d 657, 660 (2010); *see also Engell v. Bayside*

*Realty, Inc.*, ___ N.C. App. ___, 711 S.E.2d 530 (2011) (unpublished opinion). We note that the language used in *Bumpers II* is specific: "[W]e adopt the bright-line rule that an unresolved claim for attorney fees under section 75–16.1 does not preclude finality of a judgment resolving all substantive issues of a claim under section 75–1.1." *Bumpers II*, 364 N.C. at 204, 695 S.E.2d at 448. The analysis in *Bumpers II*, however, seems to apply beyond section 75. We need not address the full applicability of *Bumpers II* to the facts in the present case because the trial court in the present case did not certify the order for immediate appeal, as required by *Bumpers II*.

There were only two issues before the trial court in *Bumpers I and II*, (1) the merits of plaintiff's unfair and deceptive trade practices claim and (2) the issue of attorney's fees. The trial court decided the unfair and deceptive trade practices claim, and left the attorney's fees claim for future consideration. In *Bumpers II*, our Supreme Court made clear that, because of the outstanding attorney's fees claim, the appeal before it was interlocutory but that the appeal was proper *because the trial court had certified the order for immediate appeal pursuant to Rule 54(b)*. *Bumpers II*, 364 N.C. at 204, 695 S.E.2d at 448.

In the present case, Defendant has failed to even acknowledge the interlocutory nature of his appeal, much less argue that some substantial right of his will be affected absent immediate appeal. Defendant cannot argue that this interlocutory appeal is properly before us pursuant to Rule 54(b) because the trial court did not certify its 18 January 2012 order for immediate appeal. Defendant's appeal from the interlocutory orders of the trial court is improper, and we dismiss.

Dismissed.

Judges BEASLEY and THIGPEN concur.