CELESTE T. HAUSLE (now Celeste Owen), Plaintiff
v.
EDWARD P. HAUSLE, Defendant

No. COA12-967

Filed 2 April 2013

**Appeal and Error—interlocutory orders and appeals—denial of motion to dismiss**

Plaintiff mother's appeal from the trial court's order denying her motion to modify child custody was dismissed because it was an appeal from an interlocutory order. The reserved issue of attorney fees under N.C.G.S. § 50-13.6 precluded the finality of the child custody order. Plaintiff's conditional petition for writ of *certiorari* was denied.

Appeal by plaintiff from order entered 13 January 2012 by Judge W. Turner Stephenson, III in Pitt County District Court. Heard in the Court of Appeals 12 December 2012.

*Wyrick Robbins Yates & Ponton LLP, by K. Edward Greene and Tobias S. Hampson, for plaintiff appellant.*

*Mills & Bryant, LLP, by Cynthia A. Mills, for defendant appellee.*

McCULLOUGH, Judge.

Celeste T. Hausle (now Owen) ("plaintiff") appeals from the trial court's order denying her motion to modify child custody. For the following reasons, we dismiss the appeal.

## I. Background

Plaintiff and Edward P. Hausle ("defendant") were married on 4 September 1988. During their marriage, plaintiff and defendant had two daughters, now teenagers. By 28 April 2003, plaintiff and defendant were separated.

On 19 May 2003, plaintiff initiated an action by filing a complaint seeking child custody, child support, and equitable distribution. Defendant responded with an answer and counterclaim filed 3 June 2003 seeking child custody, child support, post separation support, alimony, equitable distribution, and attorney fees. A memorandum of order was filed 19

December 2003 acknowledging that plaintiff and defendant had settled their claims for equitable distribution, child support, alimony, post separation support, and attorney fees. Moreover, a child custody order was also filed on 19 December 2003 (the "first custody order") evidencing an agreement by plaintiff and defendant as to custody of their daughters. By the terms of the agreement, plaintiff and defendant were awarded joint legal custody of their daughters with defendant receiving primary physical custody and plaintiff receiving secondary physical custody consistent with the schedule set forth therein.

Additional child support orders were filed on 18 February 2004 and 18 July 2004, and plaintiff and defendant were legally divorced by year's end.

On 8 February 2005, defendant filed a motion to suspend plaintiff's visitation and to modify the first custody order. Upon further agreement between plaintiff and defendant regarding custody of their daughters, a child custody order was filed on 1 August 2005 (the "second custody order") whereby plaintiff and defendant maintained joint legal custody and defendant maintained primary physical custody; plaintiff's schedule for secondary physical custody, however, was modified to account for changed circumstances.

After the second custody order was filed, defendant filed motions on 1 June 2009 and 30 June 2009 to hold plaintiff in contempt of the support and custody orders. Defendant's contempt motions came on for hearing on 30 September 2009. On 25 March 2010, the trial court filed an order holding plaintiff in contempt of the second custody order but finding plaintiff was not in contempt of the support order.

Defendant filed another motion seeking to hold plaintiff in contempt of the second custody order, the return of the children, and suspension of plaintiff's visitation on 23 August 2010. The following day, the trial court entered an order requiring the return of the children to defendant and suspending plaintiff's visitation. The trial court did not rule on defendant's motion to hold plaintiff in contempt.

Particularly relevant to this appeal, on 7 October 2009, prior to entry of the 25 March 2010 contempt order, plaintiff filed a motion to modify child support. Then, following the 24 August 2010 suspension of plaintiff's visitation and with plaintiff's 7 October 2009 motion to modify child support still pending, plaintiff filed a motion to modify the prior custody orders on 23 May 2011. In her motion, plaintiff sought primary physical custody, child support, and costs.

On 14 June 2011, defendant filed a motion to have plaintiff held in contempt of the 18 July 2004 support order. On the following day, defendant filed a response to plaintiff's motion to modify the prior child custody orders in which defendant denied plaintiff's allegations that there had been a substantial change in circumstances.

The trial court filed an order on 21 June 2011 deciding defendant's 23 August 2010 contempt motion and holding plaintiff in contempt of the second custody order.

On 3 August 2011, the same day plaintiff's 23 May 2011 motion to modify the prior custody orders and defendant's 14 June 2011 motion to hold plaintiff in contempt came on for hearing, plaintiff voluntarily dismissed her 7 October 2009 motion to modify child support. A hearing on plaintiff's and defendant's remaining motions was conducted in Pitt County District Court on 3 and 4 August 2011 before the Honorable W. Turner Stephenson, III.

The trial court filed an order denying plaintiff's motion to modify child custody on 13 January 2012. By the same order, the trial court reserved its decision on "the issues of modification of child support, contempt[,] and counsel fees . . . for future proceedings." Plaintiff appealed the denial of her motion to modify the prior custody orders.

## II. Analysis

The sole issue that plaintiff raises on appeal is whether the trial court erred in finding that there was not a substantial change in circumstances to warrant modification of the prior custody orders. Yet, given that the trial court's 13 January 2012 order denying plaintiff's motion to modify the prior custody orders indicates that "the issues of modification of child support, contempt[,] and counsel fees are reserved for future proceedings[,]" as an initial matter, we must address the interlocutory nature of this appeal. Because we hold this appeal interlocutory, we do not reach the merits.

The underlying law regarding the appealability of interlocutory orders is well established. "Generally, there is no right of immediate appeal from interlocutory orders and judgments." *Goldston v. American Motors Corp.*, 326 N.C. 723, 725, 392 S.E.2d 735, 736 (1990). "An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Veazey v. Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950). On the other hand, "[a] final judgment is one which disposes of the cause as to all the

parties, leaving nothing to be judicially determined between them in the trial court." *Id.* at 361-62, 57 S.E.2d at 381. Therefore, by definition, the 13 January 2012 order of the trial court that reserved the issue of attorney fees associated with plaintiff's motion to modify the prior custody orders for future proceedings is an interlocutory order and not a final order.[1]

Although interlocutory appeals are not generally appealable,

> immediate appeal of interlocutory orders and judgments is available in at least two instances. First, immediate review is available when the trial court enters a final judgment as to one or more, but fewer than all, claims or parties and certifies there is no just reason for delay. . . . Second, immediate appeal is available from an interlocutory order or judgment which affects a substantial right.

*Sharpe v. Worland*, 351 N.C. 159, 161-62, 522 S.E.2d 577, 579 (1999) (internal quotation marks and citations omitted). In the present case, the trial court did not certify its 13 January 2012 order for immediate appeal pursuant to N.C. Gen. Stat. § 1A-1, Rule 54(b) (2011).[2] Plaintiff does, however, contend that, if the trial court's 13 January 2012 order is interlocutory, it affects a substantial right. We do not agree.

"[T]he appellant has the burden of showing this Court that the order deprives the appellant of a substantial right which would be jeopardized absent a review prior to a final determination on the merits." *Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 380, 444 S.E.2d 252, 254 (1994). "The appellants must present more than a bare assertion that the order affects a substantial right; they must demonstrate why the order affects a substantial right." *Hoke Cnty. Bd. of Educ. v. State*, 198 N.C. App. 274, 277-78, 679 S.E.2d 512, 516 (2009). "Whether an interlocutory appeal affects a substantial right is determined on a case by case basis." *McConnell v. McConnell*, 151 N.C. App. 622, 625, 566 S.E.2d 801, 803 (2002).

A review of North Carolina case law reveals that this Court has never held that a child custody order affects a substantial right except for when the physical well-being of a child is at stake. *See id.* at 625, 566

---

1. We find the reserved issue of attorney fees sufficient to determine the interlocutory nature of the trial court's 13 January 2012 order. Therefore, we need not address the reservation of child support and contempt.

2. All references to Rule 54(b) in this opinion refer to Rule 54(b) of the North Carolina Rules of Civil Procedure, N.C. Gen. Stat. § 1A-1 (2011).

S.E.2d at 804 ("Where as [sic] here, the physical well[-]being of the child is at issue, we conclude that a substantial right is affected that would be lost or prejudiced unless immediate appeal is allowed."). Taking the physical well-being of the child into account, in *McConnell v. McConnell* we held that a substantial right had been affected where "the order . . . involve[d] the removal of the child from a home where the court specifically concluded 'that there is a direct threat that the child is subject to sexual molestation if left in the mother's home.' " *Id.* In the present case, plaintiff alleges the well-being of the children is at stake because of a lack of educational opportunities available to them and dental issues that they have suffered. Plaintiff further asserts that these issues are urgent because the daughters are already in high school and there is limited time to remedy the error. Upon review of the record, we find that the circumstances alleged by plaintiff to warrant immediate appellate review fall well short of the level of physical well-¬being at stake contemplated in *McConnell.* Therefore, we hold plaintiff has failed to show that a substantial right has been affected.

This analysis would ordinarily suffice to determine that the appeal is interlocutory. Yet, because recent case law has complicated the issue, further discussion is necessary.

This discussion begins with *Bumpers v. Cmty. Bank of N. Va.,* 364 N.C. 195, 695 S.E.2d 442 (2010). In *Bumpers,* a borrower filed a suit against a lending bank alleging unfair and deceptive trade practices in violation of N.C. Gen. Stat. § 75-1.1 and sought attorney fees pursuant to N.C. Gen. Stat. § 75-16.1. *Bumpers,* 364 N.C. at 196, 695 S.E.2d at 443. Upon motion for summary judgment, the trial court entered judgment on all claims except for attorney fees and certified the judgment for immediate appeal pursuant to Rule 54(b), "specifically not[ing] that it had 'not considered an application for attorney fees under [N.C. Gen. Stat. §] 75-16.1, but nonetheless determine[d] that there is no just cause for delay and that the judgment resulting from this order should be entered as a final judgment.' " *Bumpers,* 364 N.C. at 197, 695 S.E.2d at 444. On appeal to this Court, in *Bumpers v. Cmty. Bank of N. Va.,* 196 N.C. App. 713, 675 S.E.2d 697 (2009), we held the trial court's certification was in error and dismissed the appeal as interlocutory. *Id.* at 719, 675 S.E.2d at 700. Our Supreme Court then granted discretionary review. *Bumpers v. Cmty. Bank of N. Va.,* 363 N.C. 580, 682 S.E.2d 207 (2009).

In order to determine "whether the judgment certified for appeal under Rule 54(b) [was] indeed a final, appealable judgment[,]" *Bumpers,* 364 N.C. at 199, 695 S.E.2d at 445, our Supreme Court looked to the fee statute at issue to determine whether the plaintiff's claim for attorney

fees "[was] a substantive issue[] or in any way part of the merits[.]" *Id.* at 204, 695 S.E.2d at 448. The Court then held that, because N.C. Gen. Stat. § 75-16.1 requires that a claimant show that it has prevailed on the merits, the award of attorney fees under N.C. Gen. Stat. § 75-16.1 was not a substantive issue. *Bumpers*, 364 N.C. at 204, 695 S.E.2d at 448. Therefore, the Court "adopt[ed] the bright-line rule that an unresolved claim for attorney fees under [N.C. Gen. Stat. §] 75-16.1 does not preclude finality of a judgment resolving all substantive issues of a claim under [N.C. Gen. Stat. §] 75-1.1." *Bumpers*, 364 N.C. at 204, 695 S.E.2d at 448.[3]

Subsequent to *Bumpers*, in *Lucas v. Lucas*, 209 N.C. App. 492, 706 S.E.2d 270 (2011), this Court addressed whether an outstanding claim for attorney fees pursuant to N.C. Gen. Stat. § 50-16.4 in an action for equitable distribution and alimony precluded finality of judgment for purposes of appeal. *Id.* at 495-97, 706 S.E.2d at 273-74. In *Lucas*, "[t]he trial court purported to certify the order and judgment for immediate appeal pursuant to Rule 54(b)[.]" *Id.* at 495, 706 S.E.2d at 273. Yet, on appeal, the Court found the certification defective in that the trial court did not specifically find that "there is no just reason for delay[.]" *Id.* at 496, 706 S.E.2d at 273. Thus, "[s]ome other basis must exist for appellate jurisdiction." *Id.*

The Court then circumvented the general rule prohibiting an appeal of an interlocutory judgment, unless the judgment is certified or affects a substantial right, so as to reach the merits by applying the *Bumpers* analysis to determine whether the outstanding claim for attorney fees precluded finality of the judgment. The Court held that where an award of attorney fees pursuant to N.C. Gen. Stat. § 50-16.4 is contingent on whether the claimant prevails in the underlying alimony action, attorney fees was not a substantive issue and did not preclude finality for purposes of appeal. *Lucas*, 209 N.C. App. at 497, 706 S.E.2d at 274. The Court then addressed the merits of the appeal notwithstanding the lack of a valid certification or a determination that the judgment affected a substantial right.

---

3. We find it important to note that in *Bumpers*, the Supreme Court did not hold that the appeal was not interlocutory or that certification was not required. Instead, the Court held that the judgment was final for purposes of certification pursuant to Rule 54(b), stating "[i]n appropriate cases, such a final judgment may be certified for immediate appeal under Rule 54(b)." *Bumpers*, 364 N.C. at 204, 695 S.E.2d at 448. In fact, the Supreme Court noted that it was "decid[ing] the issue in the procedural posture in which it [was] presented without passing on whether certification was necessary." *Id.* at 198 n.2, 695 S.E.2d at 445 n.2.

HAUSLE v. HAUSLE

[226 N.C. App. 241 (2013)]

Plaintiff contends that the *Bumpers'* analysis should apply with equal force in the present case.

Yet, subsequent to *Bumpers* and *Lucas*, in *Duncan v. Duncan*, ___ N.C. App. ___, 732 S.E.2d 390 (2012), *disc. review granted*, ___ N.C. ___, 736 S.E.2d 186 (2013), this Court was again faced with the issue of whether an outstanding claim for attorney fees in an alimony action precluded finality of the judgment for purposes of immediate appeal. In *Duncan*, however, the Court determined the fact that the trial court had not certified the judgment as immediately appealable pursuant to Rule 54(b) was dispositive. *Id.* at ___, 732 S.E.2d at 392 ("In the present case, Defendant has failed to even acknowledge the interlocutory nature of his appeal, much less argue that some substantial right of his will be affected absent immediate appeal. Defendant cannot argue that this interlocutory appeal is properly before us pursuant to Rule 54(b) because the trial court did not certify its 18 January 2012 order for immediate appeal."). Thus, the Court dismissed the appeal as interlocutory, stating "[w]e need not address the full applicability of *Bumpers* [] to the facts in the present case because the trial court in the present case did not certify the order for immediate appeal, as required by *Bumpers* []." *Id.*

Upon examination of the cases cited above, we note that North Carolina law regarding the finality of an order or judgment which preserves an issue of attorney fees is not a model of clarity. Furthermore, we note that it is difficult to reconcile *Lucas* with the general prohibition against the immediate appeal of interlocutory orders. Nevertheless, where the trial court's 13 January 2012 child custody order was not certified and where we have found that the order does not affect a substantial right, we follow the lead of *Duncan* and dismiss this appeal as interlocutory. We find this result consistent with the holding in *Bumpers* and the better established law governing the appeal of interlocutory orders and judgments. *See Goldston*, 326 N.C. at 725, 392 S.E.2d at 736; *Veazey*, 231 N.C. at 361-62, 57 S.E.2d at 381; *Sharpe*, 351 N.C. at 161-62, 522 S.E.2d at 579.

Furthermore, assuming *arguendo* that certification was not necessary, we do not think the *Bumpers'* bright-line rule as applied in *Lucas* renders the trial court's 13 January 2012 interlocutory order final and immediately appealable.

The fee shifting statutes at issue in *Bumpers* and *Lucas* awarded fees contingent on whether the claimant was the prevailing party. *See Bumpers*, 364 N.C. at 204, 695 S.E.2d at 448; *Lucas*, 209 N.C. App. at

497, 706 S.E.2d at 274; *see also* N.C. Gen. Stat. § 75-16.1; N.C. Gen. Stat. § 50-16.4. On that basis, the courts held that the issue of attorney fees was "not a substantive issue, or in any way part of the merits[.]" In a child custody action, attorney fees may be awarded at the discretion of the trial court pursuant to N.C. Gen. Stat. § 50-13.6, which provides in pertinent part:

> In an action or proceeding for the custody or support, or both, of a minor child, including a motion in the cause for the modification or revocation of an existing order for custody or support, or both, the court may in its discretion order payment of reasonable attorney's fees to an interested party acting in good faith who has insufficient means to defray the expense of the suit.

N.C. Gen. Stat. § 50-13.6 (2011). Thus, under the statute, the award of attorney fees in a child custody action is not contingent on the outcome. Instead, the trial court must engage in a more substantive analysis to determine whether the party seeking fees filed the action in good faith. We find that this analysis entails a review of the merits of the case and precludes finality of a child custody order reserving the issue of attorney fees.[4]

Plaintiff has additionally filed a conditional petition for writ of certiorari ("PWC") with this Court. In her PWC, plaintiff repeats the same arguments presented in her brief. For the reasons discussed above, we deny plaintiff's PWC.

### III. Conclusion

For the reasons discussed above, we dismiss plaintiff's appeal as interlocutory.

Dismissed.

Judges STEELMAN and STEPHENS concur.

---

4. We further note that the trial court also reserved its decision on issues of child support and contempt.